TOWNS AND WATKINS, APPELLANTS, VS. THE CITY OF TALLA-
HASSEE, APPELLEE.

1. The Charter of the City of Tallahassee does confer upon the authorities of said corporation the power and authority to enact an ordinance conferring upon the Intendant the power to revoke a license under certain circumstances, or for certain offences; nor is such ordinance contrary to the Constitution of the State.

2. The Courts will not interfere with the municipal regulations of a city, unless it is clearly shown that they are not authorized by its charter, or are in conflict with the Constitution or general laws of the State.

This case was decided at Tallahassee.

Appeal from Leon Circuit Court.

The Hon. Sam. J. Douglas, Associate Justice, being disqualified, having been of counsel in this case, the Hon. T. T. Long, Judge of the Suwannee Circuit, was called in and sat in his place.

It appears from the record in this case, that in September, 1866, a disturbance occurred in front of the Methodist Church, in the City of Tallahassee, on Sunday evening, immediately after the dismissal of the congregation. A party of colored persons, armed with various weapons, were parading in front of the church, and, upon being accosted by the marshal of the city and other citizens, first separated, and then fired at the citizens with guns and pistols, creating much alarm, disturbance and disorder. It also appears from the testimony and the circumstances of the case, that the said band of disorderly and riotous persons had been but a short time previous seen in the store of the appellants; that guns were fired near said store, and that these persons proceeded therefrom in a body, towards the church, where the riot occurred. The parties actually engaged in the riot were not identified; but upon complaint before him, the

Towns & Watkins vs. The City of Tallahassee—Argument of Counsel.

Mayor of Tallahassee had the appellants summoned before him, and upon the facts appearing as above stated, revoked their license as merchants or shop-keepers, according to the ordinances of the city, and prohibited them from doing business as such. From the right and justice of this judgment an appeal was taken to the Circuit Court, and the authority of the Intendant being therein sustained, an appeal was taken to this Court. The other facts of the case are stated in the opinion of the Court.

*James D. Westcott, Jr.,* for appellants.

Appellants insist that they were charged with one offence and convicted of another and different, and that a penalty not prescribed for the offence of which they were found guilty was imposed. The penalty inflicted was that for "keeping or suffering a notoriously disorderly and riotous house for the resort of idle and drunken persons."—See City Ordinance.

Appellants insist that they have a property in this license, and that the city cannot deprive them of this property by virtue of any grant of power contained in its charter; that it was a contract between the city and them, which could not be annulled and abrogated by one party; that the sentence and judgment is in restraint of trade; that it deprives them of the right to pursue their usual avocation—a power not possessed even by the legislature of a State.

The power to "regulate"—the power conferred by charter—in no sense confers a power to destroy and deprive them of the right to pursue their usual business.

Angell & Ames on Corporations, 358, 359, 354, 355, 364, 367, 390, 393, 394, 395. Gunmekers vs. Fel & Willis, 390. Adley vs. Reeves, 2 M. and S., 53. 1st Cowper, 269. 5th Cowen, 466, 467. 3rd Alabama, 143. 9th Wendell, 588. 7th Porter, 293.

*D. P. Hogue,* for appellee.

In the Court below this case was tried on appeal from the judgment of the Intendant of the City of Tallahassee, revoking the license granted to the appellants, two colored persons.

The parties were brought before the Intendant charged with keeping a *disorderly house,* and, upon *proof,* he revoked the license before granted.

The 3d Section of the City Ordinances, pamphlet copy, page 30, gives to the Intendant the power to *revoke* the license of certain persons therein named, for the offence of keeping a *disorderly house;* among the persons thus named are *shop-keepers.*

It is not denied that the defendants were *shop-keepers,* within the strict meaning of the term, and the only question for the consideration of this Court is—has the City Council the power to enact an ordinance, conferring upon the Intendant the power to revoke a license once granted?

The powers of the City Council are contained in the act of the General Assembly incorporating the City of Tallahassee, and subsequent acts in relation to the same subject matter.—See Charter of the City, pamphlet, pages from 2 to 7.

The City Council are charged with the police of the City, and the preservation of good order; and they are invested with all the proper and necessary powers for this purpose; and it must be shown clearly that they have transcended their powers, before a Court will restrain them in the exercise of their powers and functions.

The parties appellants knew the existence of the ordinance which authorized the Intendant to revoke a license for keeping a *disorderly shop;* they applied for and obtained a license with this *full knowledge,* and it is not for them now to say that the City ordinance could confer no such power.

The question now submitted to this Court is as to the power of the City Council to grant power to the Intendant to revoke licenses granted, for a violation of its ordinances. There was no question made in the Court below as to the fact of the appellants having kept a *disorderly shop*, or that the house they kept was a *shop*, in the strict meaning of the terms of the ordinance; but the *sole* question was as to the power of the City Council to make the ordinance in question.

It is believed that the decision of the Court below was correct, and should be sustained by this Court.

His Honor THOMAS T. LONG, Judge of the Suwannee Circuit, sitting in place of Hon. Samuel J. Douglas, delivered the opinion of the Court.

This cause was tried in the Court below on an appeal from the judgment of the Intendant of the City of Tallahassee, revoking the license granted the appellants Towns & Watkins.

The question submitted to the Court is, does the charter of the City of Tallahassee confer upon its City Council the authority to enact the ordinance conferring upon the Intendant the power to revoke a license when once granted? The Council may enact ordinances that this may not be the case; but whenever, for the purpose of enforcing municipal regulations for the preservation of law and order, the ordinance not being in conflict with the constitution of the State from which this grant issued, the acts of the General Assembly or its immediate charter, the Council may make all needful rules and regulations that are necessary for a just and vigorous government of the city.

The 3d section of the city ordinance, page 30, says, after speaking of other offences—" or shall keep or suffer a notoriously disorderly and riotous house for the resort of idle and drunken persons.  Such person or persons keeping such

disorderly house shall, on conviction of any such offences, be liable to pay a fine of not less than twenty nor more than fifty dollars, and forfeit his, her or their license to keep the same, *to be withdrawn by the Intendant,* and shall be debarred from the privilege of again obtaining license to keep any such public house or bar, until he, she or they shall produce to the Intendant satisfactory assurance, with good and sufficient security, that the like offences will not again be permitted and allowed." From which it appears that the appellants are included, and have subjected themselves to the forfeiture and penalties prescribed by said ordinance. The revocation of their license does not, however, preclude their continuing their business, for it provides that upon a certain contingency they can resume it. The proviso or contingency of this ordinance cannot be considered in restraint of trade, but only to regulate the same, and to keep it within proper metes and bounds, owing to its peculiar character. The Council being charged with the police regulations of the city, the preservation of order, and the comfort and happiness of its inhabitants, the charter conferring upon them sufficient power to carry out this purpose, the ordinance complained of was doubtless enacted to suppress in a summary manner these quasi nuisances, from which so much wrangling and disorder proceeds. These parties, when they took out the license, were apprised of the fact by the ordinance itself, that the moment they violated it, that moment they forfeited the privilege granted them under it; and that it was in the power of the Intendant of the city, and his duty to enforce it, by revoking the license.

This Court will not interfere with the municipal regulations of a city, unless it is clearly shown that they have transcended their powers or violated their functions.

The decision of the Court below is affirmed.