C. E. M. PUGH, PETITIONER, *in re* RAYMOND INGRAM, *Plaintiff in Error,* v. R. F. BOWDEN., SHERIFF, *Defendant in Error.*

1. Section 9, of Chapter 5388, Laws of 1905, is constitutional and valid in so far as it confers jurisdiction upon the judge of any circuit court, or county judge to commit persons of incorrigible and vicious conduct to the State Reform School.

2. In so far as section 9, of Chapter 5388, Laws of 1905, authorizes the commitment, by a judge of the circuit court, or a county judge, of a person of incorrigible and vicious conduct to the state reform school without a trial by jury, it is constitutional.

3. The provisions of section 9, of Chapter 5388, Laws of 1905, in so far as it authorizes a judge of any criminal court of record to commit persons therein mentioned to the state reform school is unconstitutional. The judge of a criminal court of record may commit to the State Reform School only by virtue of the provisions of section 1, of Chapter 5388, Laws of 1905, after regular conviction in said court for crime.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*L. E. Wade,* for plaintiff in error;

*No appearance,* for defendant in error.

PARKHILL, J.—This is a habeas corpus proceeding brought by Mrs. C. E. M. Pugh to test the legality of the commitment of Raymond Ingram, by the judge of the criminal court of record of Duval county, to the state reform school.

The petition for the writ, briefly stated, alleges that the father of Raymond Ingram is well able to care for and support his son, who is a sickly, weak child about fourteen years of age, but he has caused his confinement in the county jail to get rid of the support of the child; that the said child is not charged with crime, and has not been tried and convicted, but was brought before the criminal court of record upon a petition filed by his father upon the 14th day of September, 1907, and then and there committed by said court to said reform school, without a trial by jury; that the said child

is not an unusually bad boy, but he is sickly, and his confinement in said reform school will result in his death; that the order of said court, committing the child to the reform school is null and void, deprives him of his liberty without authority of law and without a trial by jury.

In support of this petition, there was filed before the circuit judge a certified copy of the petition filed by the father of Raymond Ingram in the criminal court of record, and the judgment rendered thereon.

The petition was sworn to and is as follows:

"In the Criminal Court of Record of
    Duval County, Florida.
To the Honorable J. S. Maxwell,
    Judge of said Court:

Your petitioner N. D. Ingram represents to your honor:

1st.   That he is the father and natural guardian of one Raymond D. Ingram.

2nd.   That the said N. D. Ingram has been and is now a kind and loving father to the said Raymond D. Ingram, and has provided and does now provide the necessaries of life, and for the proper education of the said Raymond D. Ingram, suitable to his station in life.

3rd.   That notwithstanding the good treatment above mentioned, Raymond D. Ingram in consequence of incorrigible and vicious conduct is a proper person for the guardianship of the Florida State Reform School, at Marianna, Florida.

4th.   That the said Raymond D. Ingram has been guilty of the offenses, to-wit:

(a)   On September 11th, 1907, he struck his father N. D. Ingram on the leg with a shoe, without provocation.

(b) He constantly abuses, curses and threatens to kill his father, mother and sister and constantly uses profane and obscene language in the presence of his family.

(c) That said Raymond D. Ingram, on the 4th day of September, 1907, did threaten to shoot his father, N. D. Ingram.

(d) That the said Raymond D. Ingram will not work and habitually refuses so to do.

(e) That the said Raymond D. Ingram constantly plays and loafs on the streets and will not come home until late at night.

5th. That the said Raymond D. Ingram has a violent and ungovernable temper and he is under the age of eighteen years and over the age of ten years, to-wit: fourteen years of age.

6th. That the said Raymond D. Ingram resides in the jurisdiction of this court, to-wit: No. 23 East Church St., Jacksonville, Florida, Duval county.

7th. That your petitioner N. D. Ingram is unable to manage and control the said Raymond D. Ingram, and he the said petitioner prays that this honorable court will commit the said Raymond D. Ingram to the guardianship of the Florida State Reform School, at Marianna, Florida.

N. D. Ingram."

The judgment thereon is as follows:

"In the Criminal Court of Record, Duval County, Florida.

In re Commitment of Raymond D. Ingram to the State Reform School.

Be It Remembered, That on the 14th day of September, A. D. 1907, Raymond D. Ingram, was, on the complaint of N. D. Ingram brought before me the undersigned judge of the criminal court of record for Duval county, Florida, and upon due proof I do find

the said Raymond D. Ingram, a .suitable person to be
committed to the guardianship of the Florida State Re-
form School.

Wherefore it is hereby ordered that the said Ray-
mond D. Ingram be and he is hereby committed to
the guardianship of said institution until he attains the
age of twenty-one years (21) or until he is legally dis-
charged.

Witness my hand this 14th day of September, A. D.
1907.

J. S. Maxwell, Judge."

The return of the sheriff to the writ states that he
holds said Raymond D. Ingram in custody by virtue
of a commitment under the seal of the criminal court
of record of Duval county. The said commitment, as
amended by permission of the circuit judge, reads as
follows:

Commitment to the State Reform School.

Criminal Court of Record, Duval
County, Florida, August Term,
A. D. 1907.

Sentenced Sept 14th, A. D. 1907.

State of Florida,

vs.

Raymond D. Ingram.

Information for being an Incorrigible.

Be it remembered, that on the 14th day of Septem-
ber, A. D. 1907, Raymond D. Ingram, a resident of
said county was, on the complaint of N. D. Ingram,
brought before me, the undersigned judge of the crim-
inal court of record, and upon due proof I do find that
the said Raymond D. Ingram is a suitable person to
be committed to the Florida State Reform School.

Wherefore, it is hereby ordered that the said Ray-
mond D. Ingram be and he is hereby committed to

said institution until he attains the age of twenty-one years, or until he is legally discharged.

The alternative sentence is. . . . . . . . . .

Said Raymond D. Ingram was charged with being an incorrigible; he was born in 1893; his father's name is N. D. Ingram, and he resides at 23 East Church street, Jacksonville, Florida; that his mother's name is Ella Ingram; that she is dead. That his near relatives and their residence are as follows: sister, Henrietta Ingram, number 23 East Church street, Jacksonville, Florida.

Witness my hand this the 14th day of September, A. D. 1907.

John S. Maxwell,
Judge Criminal Court of Record."

On the 23rd day of September, 1907, the circuit judge heard this cause, and remanded the child Raymond Ingram to the custody of the sheriff, and allowed a writ of error to this court, returnable the 19th day of November, 1907.

The assignments of error present the contentions that the criminal court of record was without jurisdiction of these proceedings, and the judge thereof had no authority to commit Raymond Ingram to the reform school upon petition of his father and without a trial by jury.

Section 1 of Chapter 5388, Laws of 1905, provides: "When a person under the age of eighteen years is convicted before any court of an offence punishable by imprisonment in the county jail, such court may sentence him to the State Reform School, or to such other punishment provided by law for the same offence."

The jurisdiction of the criminal court and the judge thereof, in committing a person to the State Reform School by virtue of the provisions of this section is not

doubted, and as the commitment to the school, under this section, is after trial and conviction of a criminal offence and in the nature of a sentence in lieu of other punishment, a person so committed could claim no other trial by jury than that to which he is entitled in his trial for the offence of which he was so convicted. But Raymond Ingram was not committed to the reform school under the provisions of this section.

The proceedings under which Raymond Ingram was committed to the reform school were had under the provisions of Section 9 of Chapter 5388, Laws of 1905, which is as follows: "The judge of any circuit court, criminal court of record, or county judge, may commit any person over ten years and under eighteen years of age, residing in his jurisdiction, to the guardianship of said institution where complaint in writing, setting out the acts of said person, has been filed, which complaint has been sworn to, and due proof be made in the presence of said person that he is a proper person for the guardianship of said institution, in consequence of incorrigible and vicious conduct."

We think this section is constitutional, in so far as it confers jurisdiction of the matters therein contained upon the judge of any circuit court or county judge.

The circuit court is a court of general jurisdiction, and section 11 of article V of the Constitution of 1885, after enumerating specific grants of jurisdiction, provides that the circuit courts shall have original jurisdiction *"of such other matters as the legislature may provide."*

By the provisions of section 17 of art. V of the Constitution, "The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testa-

mentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate." A limited jurisdiction in civil and criminal cases also is conferred upon him.

And so, by section 2604, General Statutes, the county judge is given power to appoint guardians in cases where it appears necessary and proper; and by section 2607, General Statutes, he is empowered to take cognizance of all matters concerning infants and their estates, and by sections 2636 and 2639, General Statutes, he may bind out apprentices and hear complaints of apprentices against their masters. County judges have exercised these powers since 1828.

The State Reform School is not simply a place for correction, but a school where the young offender, separated from vicious associates, may receive careful physical, intellectual and moral training, be reformed and restored to the community with purposes and character fitting for a good citizen, an honorable and honest man, with a trade or skilled occupation fitting such person for self-maintenance. Section 4166 of the General Statutes of 1906. To this end, when the natural parents become unequal to the task of education and training, or unworthy of it, in caring for the neglected or unfortunate children of the state, we think it entirely appropriate and legal for the legislature to confer the jurisdiction of the proceedings to commit these unfortunate wards of the commonwealth to the reform school upon the county judge, who performs already under the constitution kindred duties, and exercises powers of a similar nature. No greater power than that already possessed by him under the constitution is given to the county judge by the provisions of this section. There is no constitutional prohibition of the power thus conferred upon the county judge, and this section of the

statute does not contemplate or require the prosecution of the child for an offence upon indictment or information, or a trial by jury. Commonwealth v. Fisher, 213 Pa. St. 48, 62 Atl. Rep. 198, 5 Amer. & Eng. Anno. Cases 92.

In so far as this statute authorizes the commitment, by a judge of the circuit court, or a county judge, of children who are incorrigible, to the State Reform School, without a trial by jury, it is constitutional. Commonwealth v. Fisher, *supra*, and note.

The State Reform School, as we have seen is not a prison or penitentiary, but a school where a child, who has not been convicted of a criminal offence, but who is of incorrigible and vicious conduct, may receive physical, intellectual and moral training.

The constitutional provision that "The right of trial by jury shall be secured to all, and remain inviolate forever," does not apply. This is not a proceeding according to the common law, in which the right of a jury trial is guaranteed, but the proceeding is a statutory one, and the statute, too, enacted since the adoption of the constitution. This constitutional provision does not extend the right, but merely secures it in cases in which it was matter of right, before the adoption of the constitution. Hunt v. City of Jacksonville, 34 Fla. 504, 16 Rep. 398.

We are of the opinion, however, that Section 9 of Chapter 5388, Laws of 1905, in so far as it authorizes a judge of any criminal court of record to commit persons therein mentioned to the State Reform School is unconstitutional.

Under the constitution of 1885, the criminal court of record is given jurisdiction of all criminal cases not capital arising in the county. It cannot exercise jurisdiction in any civil case. Offences triable there must

be prosecuted upon information, under oath of and to be filed by the county solicitor, who is made the prosecuting attorney of said court. The style of all process shall be "The State of Florida," and all prosecutions shall be conducted in the name and by authority of the state.

We are of the opinion that it is not competent for the legislature to empower the judge of a criminal court of record to commit a person to the state reform school other than according to provisions of section 1, chapter 5388, laws of 1905; certainly not upon a petition of a person other than the county solicitor, and without a trial by jury.

The judge of the criminal court of record may exercise his constitutional jurisdiction only upon information, under oath, of the county solicitor.

The commitment then of Raymond Ingram upon petition of his father, as shown in these proceedings, is illegal, and the judgment of the circuit court remanding Raymond Ingram to the custody of the sheriff is reversed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.