BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUN-
TY, *Appellants*, v. TUCKER SAVAGE, *Appellee*.

1.  In th exercise of the police power of the State it is competent
    for the legislature by valid statutes to provide for the correc-
    tion, care, custody, protection and maintenance of children
    who have no. sufficient parental control or maintenance to
    keep them from being a menace to the public or an injury to
    themselves.

2.  · The legislature has authority to use all means consistent with
    organic law to effectuate the exercise of a police power, and
    a broad discretion as to the means to be used should be ac-
    corded. to the law-making power, the only practical limita-
    tions being those contained in the provisions and principles
    of the constitution.

3.  .The authority conferred upon the county judge by Chapter
    6216. Acts of 1911, is judicial in its nature and may be regard-
    ed as being fairly within the constitutional power to issue
    letters of guardianship, and within the authority contem-
    plated by the constitution in giving to the Circuit Courts
    supervision and appellate jurisdiction of matters arising
    before the county judges pertaining to the estates and
    *interests* of minors.

4.  The purpose of Chapter 6216, Acts of 1911, is not to create a
    judicial tribunal unknown to the constitution, or to confer
    authority in violation of the constitution.    The authority
    conferred should be construed and exercised with reference
    to applicable provisions of the organic law.

5.  The provision of Chapter 6216, Acts of 1911, that the com-
    pensation of the Probation Officers provided for by the chap-
    ter shall be fixed by the county commissioners violates Sec-
    tion 27 of Article III, of the constitution and is inoperative.

6.  If a duly enacted statute contains provisions that are invalid
    because in conflict with organic law, and such invalid portions
    may be severed, and the remainder of the statute may then

22—Vol. 63.

be made effective for the purpose designed, and will not cause results not intended by the legislature, and it does not appear that the statute would not have been enacted without the invalid portions of the Act, the invalid portions should be disregarded and the valid portions enforced if it can be done to effectuate the legislative intent.

7. As Chapter 6216 gives to the county judges no jurisdiction to try persons charged with crime, questions of jury trial, of compulsory attendance of witnesses or of second jeopardy are not involved in the enforcement of the statute.

8. If a person is unlawfully deprived of his liberty by unlawful or arbitrary confinement or otherwise, the remedy by *habeas corpus* may be speedy and adequate.

9. The constitution gives to the Circuit Courts supervision and appellate jurisdiction of matters arising before county judges pertaining to the estates *and interests* of minors, which includes matters other than those relating to the property rights of minors.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Appellants;

*C. C. Whitaker* and *T. M. Shackleford, Jr.,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree enjoining the County Commissioners of Hillsborough County from appropriating or expending any money belonging to the public funds of the county for the purposes of

carrying out the provisions of Chapter 6216, Acts of 1911, or from paying salaries to the County Judge or probation officers under the act, upon the theory that the act is unconstitutional.

In the exercise of the police power of the State it is competent for the legislature by valid statutes to provide for the correction, care custody, protection and maintenance of children who have no sufficient parental control or maintenance to keep them from being a menace to the public or an injury to themselves. This power includes authority to use all means consistent with organic law to effectuate the purpose designed; and a broad legislative discretion as to the means. to be used should be accorded to the lawmaking power, the only practical limitations being those contained in the provisions and principles of the constitution.

The authority conferred upon the County- Judge by Chapter 6216, Acts of 1911, is judicial in its nature and may be regarded as being fairly within the constitutional power of the County Judge to issue letters of guardianship, and within the authority contemplated by the Constitution in giving to the Circuit Courts supervision and appellate jurisdiction of matters arising before the County Judges pertaining to the estates and interests of minors. Secs. 11 and 17 Article V. The use in the constitution of the language "supervision and appellate jurisdiction of matters arising before County Judges pertaining to the *estates and interests* of minors" indicates that the County Judge should have jurisdiction of something more than the property rights of minors. The terms "interests of minors" in the connection used may fairly include the matters covered by Chapter 6216, Acts of 1911.

The purpose of the act is not to create a judicial tri-

bunal unknown to the constitution, or to confer authority in violation of the constitution. The authority conferred should be construed and exercised with reference to applicable provisions of the organic law. The designation of the County Judges to exercise the special authority conferred upon them by Chapter 6216 seems to be consistent with the purposes of the constitution. See Pugh v. Bowden, 54 Fla. 302, 45 South. Rep. 499.

The County Judge is a constitutional officer. The probation officers provided for by the act are required to be appointed by the Governor for terms of four years. This is in accordance with section 27 of Article III of the constitution.

If a duly enacted statute contains provisions that are invalid because in conflict with organic law, and such invalid portions may be severed, and the remainder of the statute may then be made effective for the purpose designed, and will not cause results not intended by the legislature, and it does not appear that the statute would not have been enacted without the invalid portions, the invalid portions of the Act should be disregarded and the valid portions enforced if it can be done to effectuate the legislative intent. Harper v. Galloway, 58 Fla. 255, 51 South . Rep. 226.

The constitution ordains that the compensation of the County Judge "shall be provided for by law," (Sec. 16, Art. V) and the portion of Chapter 6216 providing that the compensation of the County Judge under the act shall be fixed by the County Commissioners does not clearly violate this provision. The fine and forfeiture fund is a general fund of the county within the meaning of section 15 of Article XII of the constitution.

Section 27 of Article III provides that the legislature

shall *fix* the compensation of officers not otherwise provided for by the constitution.   The act does not *fix* the compensation for the probation officers provided for by it, and the provisions of the statute authorizing the county commissioners to fix the compensation of such officers is therefore inoperative.   The injunction in so far as it relates to paying salaries to probation officers is proper. As the act provides for the appointment by the Governor of probation officers without salary the act may be made effective in its valid parts, after the elimination of invalid portions.   If section 9 of Chapter 6216 of the Acts of 1911 be eliminated in whole or in part as being in conflict with organic law, such elimination will not destroy the effectiveness of the remaining portion of the act, and will not cause results not contemplated by the legislature.   There is nothing to indicate that the legislature would not have enacted the statute without the invalid portion; but on the contrary there is an obvious intent to conform the act to organic law, and to make it effective in so far as it can be done under the constitution. See State *ex rel.* Attorney General v. Dillon, 32 Fla. 545, 14 South. Rep. 383, 22 L. R. A. 124; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, 32 L. R. A. (N. S.) 639; State v. Patterson, 50 Fla. 127, 39 South. Rep. 398; El Paso & N. E. Ry. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. Rep. 21; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. Rep. 431.

Since the authority properly exercised under the act is not the trial of criminal charges, the questions of a jury trial, or of compulsory attendance of witnesses, or of second jeopardy are not involved.   If a person is unlawfully deprived of his liberty by unlawful or arbitrary

confinement or otherwise, the remedy by *habeas corpus* may be speedy and adequate. But in addition to this the constitution gives to the Circuit Courts supervision and appellate jurisdiction of matters arising before County Judges pertaining to the estates *and interests* of minors. There is apparently no lack of due process of law in the proceedings authorized that go to the validity of the act. The statute is not accurately drawn, but as its main features are not clearly violative of the constitution, the invalid features may be discarded and the act enforced under the limitations afforded by the constitution and other laws.

The decree is affirmed in so far as it enjoins the payment of salaries to probation officers; and in other respects the decree is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.