HARRY E. PRETTYMAN, INC., A CORPORATION, *Petitioner*, v. THE FLORIDA REAL ESTATE COMMISSION, *ex rel.* CHARLES T. BRANHAM, *Respondent*.

En Banc.

Opinion Filed August 4, 1926.

1. The writ of certiorari may be issued to final judicial or quasi-judicial orders that are alleged to be invalid, where no other adequate remedy is afforded by appellate procedure or otherwise.

2. The issuance of an occupational license does not create any contract right.

3. "A license is merely a permit or privilege to. do what otherwise would be unlawful, and it is not a contract between the authority, federal, state, or municipal, granting it and the person to whom it is granted; neither is it property or a property right, nor does it create a vested right."

4. The revocation of an occupational license is not essentially a judicial function. Such a function may be exercised by administrative or executive officers, when duly authorized.

5. "Our State Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid."

6. "While constitutional jurisdiction can not be restricted or taken away it can be enlarged by the legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court or where such enlargement is not forbidden by the Constitution."

7. As the *quasi*-judicial power to revoke a real estate broker's registration certificate and license conferred upon the County Judges by Section 9 of Chapter 11336, Laws of Flor-

ida, is not forbidden by the Constitution and does not affect the constitutional jurisdiction of any other court, and as such *quasi*-judicial function comports with powers expressly conferred upon County Judges by Section 17, Article V of the Constitution, such Section 9, Chapter 11336, does not violate the last named section of the Constitution, but is a reasonable exercise of legislative power in conferring *quasi*-judicial power upon County Judges in the enforcement of salutary police regulations affecting the public welfare.

A Writ of Certiorari to the County Judge's Court of Volusia County; J. E. Peacock, Judge.

The writ of certiorari is quashed.

*Edgar W. Waybright,* for Petitioner;

*Chas. O. Andrews,* for Respondent.

WHITFIELD, J.—A petition was presented to this court alleging that "Harry E. Prettyman, Inc., a corporation, by its undersigned counsel, respectfully represents unto the court that the respondent filed a proceeding on the 19th day of April, A. D. 1926, in the form of a complaint against your petitioner, in accordance with the provisions of Section 9 of that certain Act of the Legislature of the State of Florida, known as Chapter 11336 of the Laws of Florida, enacted at the Extraordinary Session of the Legislature in the year 1925, and approved by the Governor on the 24th day of November, A. D. 1925, which Act is entitled 'An Act to define, regulate and license real estate brokers and real estate salesmen; to create the Florida Real Estate Commission, providing for the appointment of its members, defining its powers and duties; providing for the payment of its expenses; providing certain offenses and penalties for violation thereof,' which complaint is attached to this Petition, marked Exhibit 'A' and made a part here-

of, and in and by said complaint prayed that the registration certificate and license theretofore issued to your Petitioner be revoked; that upon or about the 20th day of May, A. D. 1926, the said cause came on for trial before the County Judge of Volusia County, Florida, after due notice in accordance with the statute, and a large number of witnesses having been subpoenaed respectively for your Petitioner and the Respondent, and a large amount of testimony taken in behalf of the respective parties to the cause, which trial and the taking of said testimony consumed approximately four days, and after considering the same, the County Judge aforesaid entered an order, copy of which is hereto attached marked Exhibit 'B' and made a part of this petition, and the said County Judge in and by said order, ordered and adjudged that the registration certificate and occupational license theretofore issued to your Petitioner as a real estate broker, be, and the same was thereby revoked and annulled.

"Your Petitioner would further show unto this court by the record so made as aforesaid that the said trial court did not proceed in said cause according to the essential requirements of the law, and exceeded and acted without jurisdiction in the premises, in the following matters and for the following reasons, viz.:

"REASONS RELIED UPON BY YOUR PETITIONER:

"1.   That Section 9 of the Real Estate Broker's Act herein mentioned, in so far as it provides for and grants to the County Judge power and jurisdiction to revoke real estate broker's licenses and certificates, is unconstitutional in that it is not within the jurisdiction conferred upon the County Judge's Court by Section 17, Article 5 of the Constitution of the State of Florida.

"2.   That the power to revoke the real estate certificate and license is a judicial power and cannot be conferred

upon the County Judge because the jurisdiction of the County Judge is prescribed by the Constitution itself, which can neither be added to nor taken away from.

"3.   That the Circuit Court in and for Duval County, Florida, has had this question before it and has held that said section is unconstitutional, and it is of vital importance, both in the administration of the law and to the trial of numerous cases in the State that the question should be quickly determined by the Supreme Court of Florida.

"WHEREFORE, in view of the premises, Petitioner prays that this Honorable Court will grant a writ of certiorari directed to the County Judge in and for Volusia County, requiring that the record of the County Judge, together with the judgment of said County Judge in said cause, be certified to this court, and that this Honorable Court will thereupon proceed to review and determine that the order of judgment of said County Judge in and for Volusia County, Florida, in said cause is erroneous and void for the reasons heretofore pointed out, and will quash said judgment of the said County Judge and will give your petitioner such further and other relief as the nature of the case and as to this court may seem proper in the premises."

A writ of certiorari was issued from this court.

The respondent moved "to quash the said writ of certiorari heretofore issued in this cause upon the following grounds, to-wit:

"1.   That if, as petitioner alleges, section 9 of the Real Estate Act confers quasi-judicial power it could not be judicial power in equity or judicial power in civil action, but would necessarily be *quasi-criminal power*.

"2.   That the County Judges are specifically authorized to exercise such quasi-criminal jurisdiction by section 17 of article 5 providing that 'the County Judge shall have

original jurisdiction * * * of such criminal cases as the Legislature may prescribe.'

"3. That the Legislature has specifically 'prescribed' in said section 9 of the Real Estate Act that the County Judge shall have this jurisdiction.

"4. That the power exercised by the County Judge under said section 9 is quasi-criminal in that it provides a penalty, namely: The revocation of the certificate of registration; and the petitioner would have an absolute right of review by writ of error under section 11 of article 5 of the Constitution, which provides that the Circuit Court 'shall have final appellate jurisdiction in all civil and criminal cases arising * * * before the County Judge.'

"5. That if the power conferred by said section 9 is not quasi-criminal it would necessarily be an *administrative* power specificially conferred by the Legislature.

"6. That if the power conferred by said section 9 is administrative it could be exercised by any individual regardless of the position he holds under prior decisions of this court.

"7. That the authority conferred by said section 9 being a police power to effectuate a public policy it rests within the discretion of the Legislature to determine who shall exercise that power unless prohibited by some specific provision of the Constitution.

"8. That the powers and duties imposed on the County Judge by the Act in question might be exercised by any person designated by the Legislature and may, therefore, be exercised by the County Judge not being otherwise prohibited by the Constitution.

"9. That the jurisdiction of the County Judge to revoke licenses is implied by that portion of Section 17 article 5 of the Constitution where the County Judge is directed 'to issue all licenses required to be issued in the county.' "

Section 17, Article V of the State Constitution provides: "The county judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the legislature may prescribe. The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. He shall have the power of a committing magistrate and shall issue all licenses required by law to be issued in the county."

Chapter 11336, Laws of Florida, approved November 24, 1925, entitled "An Act to define, regulate, and license Real Estate Brokers and Real Estate Salesmen; to create the Florida Real Estate Commission, providing for the appointment of its members, defining its powers and duties; providing for payment of its expenses, prescribing certain offenses and penalties for violations thereof," contains the following sections:

"Sec. 9. Any broker or salesman to whom a Registration certificate has been issued and a license granted shall be subject to have both revoked or suspended but not until after due hearing before a County Judge, or upon conviction for a violation of this act.

"The acts for which any broker or salesman shall be subject to have certificate and license revoked or suspended are: Where he has by false or fraudulent representation obtained a certificate and license to do business or where a broker or salesman in performing or attempting to perform any of the acts herein designated, to-wit:

"(a)  Making any substantial misrepresentation with reference to a transaction injurious to seller or purchaser wherein he acts as agent.

"(b)  Making any false promises of a character such as to influence, persuade or induce seller or purchaser to their injury or damage.

"(c)  Pursuing a continued and flagrant course of misrepresentation, or making of false promises through agents or salesmen or advertising or otherwise, or

"(d)  Acting for more than one party in a transaction without the knowledge of all parties for whom he acts, or

"(e)  Accepting a commission or valuable consideration as a real estate salesman for the performance of any of the acts specified in this act, from any person, except his employer, who must be a licensed real estate broker, or owner or lessor.

"(f)  Representing or attempting to represent a real estate broker other than the employer, without the express knowledge and consent of the employer, or

"(g.)  Failing, within a reasonable time, to account for or to remit any moneys coming into his possession which belong to others, or

"(h)  Being unworthy or incompetent to act as a real estate broker or salesman in such a manner as to safeguard the interest of the public, or

"(i)  Paying a commission or valuable consideration to any person for acts or services performed in violation of this Act, or

"(j)  Any other conduct, whether of the same or a different character from that hereinbefore specified, which constitutes improper, fraudulent or dishonest dealing.

"Any unlawful act or violation of any of the provisions of this act by any real estate salesman, employee or partner or associate of a licensed real estate broker, shall not be

cause for the revocation of a license of any real estate broker, partial or otherwise, unless it shall appear that said employer, partner or associate had guilty knowledge thereof.

"Upon a verified complaint against any Real Estate Broker or salesman after careful investigation by the commission before whom all complaints against Real Estate Brokers and salesmen must be filed, the Commission, may, if the facts warrant it, request a date for hearing of said complaints, before the County Judge of the County where the broker or salesman against whom said complaints are made resides, the county judge shall set the date for hearing, not less than 15 days, nor more than 30 days from the date of filing such request with the said judge, and the Commission shall serve notice on the person, broker, or salesman against whom the complaints have been filed in writing not less than 10 days before the date of hearing, and shall afford such person an opportunity, to be heard in person or by counsel in reference thereto. Such written notice may be served by delivery of same personally to the person against whom complaints are made, or by mailing same by registered mail to his or its last known business address.

"At such hearing the judge shall upon the written request of either party summon witnesses and receive such evidence from the person against whom complaints are made and the party filing the complaint, and from the documentary evidences and witnesses that may be presented, and if upon hearing the County Judge shall determine that the Broker or Salesman against whom the complaint has been made is guilty of violation of any of the above provisions or any of those defined in this Act, the judge shall suspend or revoke any certificate and

license issued under the provisions hereof. Otherwise, he shall dismiss the complaint.

"The County Judges of the State of Florida be, and they are empowered to suspend or revoke any certificate and license issued under this Act after hearing above provided, and they are hereby empowered and they shall collect a fee of $5.00 per diem for each case; which compensation shall be in addition to all other compensations allowed County Judges by any of the laws of the State of Florida to be paid out of the 'Real Estate Commission Fund'."

"Sec. 12. Any person, co-partnership, association, or corporation violating any of the provisions of this Act, shall upon conviction thereof, if a person, be punished by a fine of not more than five hundred ($500.00) dollars, or by imprisonment for a term not to exceed six (6) months or by both, such fine and imprisonment, in the discretion of the Court, and if a corporation, be punished by a fine of not more than one thousand ($1,000.00) dollars. Any officer or agent of a corporation or member or agent of a co-partnership or association who shall personally participate in or be accessory to any violation of this Act by such co-partnership, association or corporation, shall be subject to the penalties herein prescribed for individuals. Any conviction shall automatically revoke the license of the person, co-partnership, association or corporation convicted.

"Any Court having jurisdiction to try criminal offenses under the constitution and laws of this State, shall have jurisdiction and full power to try any violation of this Act.

"It shall be the duty of the County Solicitor or Prosecuting Attorney in and for each county, or in the absence of either the State Attorney, to prosecute all violation as provided herein."

The contention is that even though the revocation of an occupational license is not an exclusively judicial function, the authority of the County Judge under Section 9, Chapter 11336, Laws of Florida, is judicial; and that the jurisdiction of the County Judges being prescribed by the Constitution cannot be added to by statute, and as the Constitution does not confer upon County Judges the power to revoke registration certificates or occupational licenses, the quoted Section 9 of the statute is inoperative and the revocation by the County Judge of the petitioner's certificate and license is a void act for which relief may be had on a writ of certiorari.

The writ of certiorari may be issued to final judicial or quasi-judicial orders that are alleged to be invalid, where no other adequate remedy is afforded by appellate procedure or otherwise. Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; 11 C. J. 120. See also Degge v. Hitchcock, 229 U. S. 162, 33 Sup. Ct. Rep. 639.

The issuance of an occupational license does not create any contract right. Bishoff v. State ex rel. Tampa Water Work Co., 43 Fla. 67, 30 South. Rep. 808.

"A license is merely a permit or privilege to do what otherwise would be unlawful, and it is not a contract between the authority, federal, state, or municipal, granting it and the person to whom it is granted; neither is it property or a property right, nor does it create a vested right." 37 C. J. 168; 37 C. J. 246.

The revocation of an occupational license is not essentially a judicial function. Such function may be exercised by administrative or executive officers. See Brecheen v. Riley, 187 Cal. 121, 200 Pac. Rep. 1042; 12 C. J. 1241; 37 C. J. 247; Klafter v. State Board of Examiners, 259 Ill. 15, 102 N. E. Rep. 193, 46 L. R. A. (N. S.) 532 Ann. Cas. 1914B 1221; Towns & Watkins v. City of Tallahassee, 11 Fla. 130; 11 C. J. 122; State ex rel. v. Lichta, 130 Mo.

App. 284, 109 S. W. Rep. 825. The dicta in State *ex rel.* Arpen v. Brown, 19 Fla. 563, is not controlling here.

"Our State constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid.

"While constitutional jurisdiction cannot be restricted or taken away, it can be enlarged by the Legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court or where such enlargement is not forbidden by the Constitution. State *ex rel.* Florida Publishing Co. v. Hocker, 35 Fla. 19, 16 South. Rep. 614; Harris v. Vanderveer, 21 N. J. Eq. 424." Chapman v. Reddick, 41 Fla. 120, text 133, 25 South. Rep. 673.

Different phases of statutory jurisdiction of a quasi-judicial nature conferred upon County Judges were held to be not violative of Section 17, Article V of the Constitution in Pugh v. Bowden, 54 Fla. 302, 45 South. Rep. 499; Ex Parte Soudamore, 55 Fla. 211, 46 South. Rep. 279; Board of Com'rs of Hillsborough Co., v. Savage, 63 Fla. 337, 58 South. Rep. 835. See also Edwards v. Edwards, 48 Fla. 71, 37 South. Rep. 569.

The proceedings for revoking registration certificates and occupational licenses in Section 9 of Chapter 11336 are not exclusively judicial in their nature; they differ materially from the criminal procedure contemplated by Section 12 of the Act, and are not forbidden by Section 17, Article V, or any other provision of organic law.

The County Judge is authorized by the Constitution to issue licenses, and officers who issue licenses may be authorized to revoke them. 37 C. J. 247.

As the *quasi*-judicial power conferred upon the County Judges by Section 9 of Chapter 11336, Laws of Florida, is not forbidden by the Constitution and does not affect the

constitutional jurisdiction of any other court, and as such *quasi*-judicial function comports with powers expressly conferred upon County Judges by Section 17, Article V of the Constitution, such Section 9, Chapter 11336 does not violate the last-named section of the constitution, but is a reasonable exercise of legislative power in conferring *quasi*-judicial power upon County Judges in the enforcement of salutary police regulations affecting the public welfare.

The motion to quash the writ of certiorari is granted.

BROWN, C. J., AND ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.