VAN NORTWICK, Judge.
John F. Phillips, the owner, operator and instructor of the North Florida Real Estate College, appeals an order which revoked his instructor’s license to teach real estate courses on the ground that he was guilty of teaching an unapproved correspondence course. We agree with Phillips that the Florida Real Estate Commission (the Commission) failed to comply with the requirements of section 120.60(5), Florida Statutes (Supp.1996), in withdrawing its prior approval of Phillips’ real estate correspondence course. Because the revocation of Phillips’ instructor’s license was based on his alleged teaching of this unapproved correspondence course, we reverse.
Phillips has operated the North Florida Real Estate College for over 17 years with no prior complaints. Under section 475.451, Florida Statutes (1995), except for approved and accredited colleges, universities, community colleges, and area technical centers, all schools and instructors which offer or conduct real estate courses are subject to regulation by the Commission. In 1991, Phillips received Commission approval for a correspondence course offered by his real estate school. The Commission placed no term or expiration date on its approval. On May 22,1997, the Department of Business and Professional Regulation (DBPR) issued an administrative complaint charging that Phillips was teaching the continuing education correspondence course to real estate licensees at his school, and that he had not sought approval for the course since 1991. He was charged with failure to comply with rule 61J2-3.009(5)(f), Florida Administrative Code, and section 475.451, Florida *554 Statutes (1995), in violation of section 475.25(l)(e), Florida Statutes (1995).
Phillips did not dispute the allegations of fact contained in the administrative complaint, and an informal hearing was held before the Commission. At the hearing, Phillips contended that, when he received certification to teach the correspondence course in 1991, no expiration date was given; that he assumed certification for teaching this course was continuous; that he further assumed that he would be notified if the status of this continuous approval changed; and that no notice was provided.
DBPR argues here, as below, that the adoption of rule 61J2-3.009(5)(f) in November 1994 effectively terminated any previously granted correspondence course approval. This rule provides in pertinent part as follows:
(f) Continuing education courses by correspondence will be approved for 12 months plus the remaining period of the renewal cycle following the end of the 12 month period at which point the course will expire. Courses may not be offered, distributed or graded after the expiration date ... [1]
The Commission found Phillips “guilty ... as charged in the Administrative Complaint” and revoked his instructor’s license.
Phillips argues on appeal that the 1991 approval of his correspondence course constituted a “license” as defined in section 120.52(9), Florida Statutes (Supp. 1996), and that, in withdrawing the approval of this license by adopting rule 61J2-3.009(5)(f), the Commission failed to comply with the notice and due process requirements of section 120.60(5), Florida Statutes (Supp.1996). We agree.
The legislature has defined a “license” in section 120.52(9) as
a franchise, permit, certification, registration, charter, or similar form of authorization required by law, but it does not include a license required primarily for revenue purposes when issuance of the license is merely a ministerial act.
Under this statutory definition and the facts of the instant case, the 1991 approval of Phillips’ correspondence course constituted a “license.” Our conclusion is based primarily on the manner in which the course approval is treated by the Commission. First, under section 475.451, Florida Statutes (1995) and rule 61J2-3.009(5), prior approval of the content of the correspondence course was required to be obtained from the Commission before Phillips was authorized to teach the course. Second, the Commission charges a license fee for obtaining approval of an education course offering. See Fla. Admin. Code R. 61J2-1.011(8). Thirdly, the Commission treats each course offering as a separate privilege for which a fee is charged. Finally, the Commission’s enactment of rule 61J2-3.009(5)(f) itself shows that the approval of the course is “an authorization required by law.” In all these respects, the Commission has treated course approvals as governmental authorizations within the meaning of “license.”
Although generally speaking, a license may be revoked without violating *555 any vested rights of the licensee, Towns v. City of Tallahassee, 11 Fla. 130 (1866); Prettyman v. Florida Real Estate Comm’n ex rel. Branham, 92 Fla. 515, 109 So. 442 (1926), where the statute governing the licenses provides a method of revocation, that method must be followed. See generally 8 Fla. Jur.2d Businesses and Occupations § 75 (1996). A “license” granted pursuant to section 120.52(9) cannot be revoked or withdrawn without complying with section 120.60(5).[2] See generally Capeletti Bros., Inc. v. State, Dep’t of Transp., 362 So.2d 346 (Fla. 1st DCA 1978).
In the instant case, the Commission failed to provide notice to Phillips of the intended revocation of his course approval, as required by section 120.60(5), prior to the withdrawal of approval of his correspondence course under rule 61J-3.009(5)(f). Thus, course approval was never validly withdrawn by the Commission, and the administrative complaint filed by DBPR against Phillips was without a legal basis. Similarly, the final order on appeal was without foundation and was entered without compliance with the essential requirements of law. State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 708 (1934).
The final order revoking Phillips’ instructor’s license is REVERSED.
BOOTH and PADOVANO, JJ., concur.

. We find rule 61J2-3.009(5)(f) ambiguous in at least two respects. First, the rule does not expressly withdraw approval for courses already approved. Second, the rule purports to govern the expiration of continuing education correspondence courses by tying the expiration to an unspecified "renewal cycle." In rule 61-6.001(4), DBPR has established biennial license renewal cycles for all professions under its jurisdiction. Real estate licensees are grouped into four groups with varying license renewal dates, and real estate schools are on an established two-year cycle with a license renewal date of September 30 of each odd-numbered year. The ambiguity created by the undefined reference to a “renewal cycle" can be seen in the instant case. Phillips contends the applicable renewal cycle is the one which applies to real estate schools, while, on the other hand, DBPR contends the applicable renewal cycle would be the next available renewal cycle, whether it be that for one of the groups of real estate licensees or that for real estate schools. Because of our ruling here, it is unnecessary for us to resolve this ambiguity.

. Section 120.60(5), Florida Statutes (Supp. 1996) provides in pertinent part:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57 ...