PHILLIPS COMPANY OF DELAWARE v. E. E. WAGNER as Executor under the Last Will and Testament and Codicil attached thereto of Ida F. Vail, deceased, *et al.*

155 So. 842.

Opinion Filed June 25, 1934.

*Gibbons & Gibbons,* for Appellant;

*Treadwell & Treadwell,* for Appellees.

PER CURIAM.—Under date of August 21, 1928, Moore Pipe & Sprinkler Company entered into a written contract with one Michael Schlossberg by which it was agreed between Schlossberg, as fee simple owner of a building and land upon which it stood, and the sprinkler company, that the sprinkler company would cause to be installed and leased to Schlossberg for a term of 48 months, a system of automatic fire sprinkler in the building owned by Schlossberg.

Pertinent provisions of the contract, in addition to the formal installation terms of the agreement, were: (1) that Schlossberg would pay an aggregate rental of $4,320.00

payable monthly in advance at the rate of $90.00 per month; (2) that Schlossberg would use due diligence in maintaining such sprinkler system, pay all taxes and assessments, keep said system fully insured, and would not alter, remove or dispose of any parts thereof; (3) that by mutual agreement of the parties, the sprinkler system was not to become a fixture, but was to remain the personal property of the sprinkler company until paid for; and (4) that the contract should inure to the benefit of and be binding upon the respective parties, their successors and assigns.

It was also provided in such contract as follows:

*"Default.* 10. Time of payment is of the essence of this lease. If default be made in any of the payments, or in any other provision of this lease by said second party, the said first party, or assigns, may resume possession of said system which the said second party agree to deliver to it upon demand, whether or not attached to the realty, and the first party, or assigns, shall have full right to enter any building, structure or premises where said system or any part thereof may be, and remove all or any part of said system, control, shut off or seal the same without resorting to legal process, and at the cost and expense of said second party, the amount whereof, as well as reasonable attorney's fees and court costs in any litigation arising therein, shall be added to the balance then owing hereunder." * * *

*"Insolvent.* 12. The second party agrees to protect the first party against and to notify it of any danger of seizure of said system, and also if it shall become financially embarrassed, bankrupt or compromise with creditors."

The contract just referred to was duly executed in writing by the fee simple owner of the land in which the sprinkler system was provided to be installed, and thereafter in due

course it was lawfully assigned to the appellant, The Phillips Company. The latter company brought suit in the court below to enforce it in equity as an agreement running with the land owned by Michael Schlossberg at the time the contract was entered into, after such land had passed to one Ida F. Vail under a sale by the trustee in bankruptcy of Michael Schlossberg, as a voluntary bankrupt.

The trustee's deed to the land and building in which the sprinkler system was installed was made to Ida F. Vail, the purchaser at the bankruptcy sale, expressly provided that such conveyance should be subject to "whatever right, title or interest in and to said property held by Phillips & Company."

By the terms of the contract the sprinkler company had the right upon default in any of the payments, either to remove the sprinkler system from the building of the opposite contracting party or his assigns, or to shut off the water entering said system and seal the same.

The rental agreement for the sprinkler system became in default by reason of Schlossberg's insolvency and subsequent bankruptcy and thereupon, the appellant, as assignee of the sprinkler company's contract, requested permission to enter the building of appellee and cut off and seal the said sprinkler system as a means of enforcing payment of the rental according to the agreement.

Permission to proceed under the terms of the contract having been refused, the assignee thereof brought this suit in equity against the appellee, praying as follows, after alleging the material facts hereinbefore recited:

"First: That it be allowed to enter said building to cut off and seal the sprinkler system hereinbefore described or remove such part or parts thereof as they wish and that the

defendants, and each of them, be enjoined from using said sprinkler system, or any part thereof.

. "Second: That an accounting be had of the amount due your orator as rent for said sprinkler system in accordance with the terms and conditions of said indenture of lease.

. "Third: That an accounting be had for the use of the sprinkler system during the time the defendants and the said Ida 'F. Vail have had possession of said real estate hereinbefore described, and that a decree be entered for said amount for the use of said sprinkler system, and that said amount be decreed to be a lien on said real estate hereinbefore described; that in default by the said defendants of the payments of the amounts found to be due, within a short day, to be fixed by the Court, that said order provide that said real estate hereinbefore described be sold at public outcry to the highest and best bidder for cash, in accordance with the laws and rules of practice of this Court affecting public sales, as to notice published in a newspaper of general circulation in DeSoto County, Florida, and that out of and from the proceeds arising from said sale shall be paid:

"First: The costs, charges and expenses of this suit, including a reasonable attorney's fee.

. "Second: The amount found to be due on account of the rentals, as provided in said lease, and on account of the rents found to be due for the use of said sprinkler system by the defendants named herein during the time they have had possession thereof.

"That a special master in chancery be appointed to take an accounting of the amounts due your orator as rentals and interest thereon, and costs, charges and expenses of this suit, including a reasonable attorney's fee."

The chancellor sustained a motion to dismiss the bill for

want of equity and it is that order which is now before this Court for review.

The sole reason for dismissing the bill appears to have been in deference to appellee's contention that the appellant had an adequate remedy at law by replevin.

Even had this point been well taken, the bill should not have been dismissed but simply transferred to the law side of the court for trial as an action in detinue, which is the common law equivalent of a suit in replevin. See Section 75, Chapter 14658, 1931 Chancery Act.

But a majority of the Court are of the opinion that the controversy is one of equitable congnizance as a suit on the sprinkler system contract to have specifically enforced its peculiar provisions which are alleged to have passed to and become binding upon Mrs. Ida F. Vail as purchaser of the property and at the bankrupt sale whereat it was decreed that the sale was made subject to whatever rights might exist in favor of the Phillips Company as assignee of the sprinkler system contract.

Mrs. Ida F. Vail and those who claim title under her can have no greater rights in the building than the bankrupt as against the holder of the sprinkler company's contract with Michael Schlossberg, because the bankrupt court was petitioned to sell the bankrupt's property freed of all liens and claims against it, and expressly refused to do so by incorporating in its decree that the sale should be subject to the rights of the holder of the sprinkler system contract, to-wit: the Phillips Company. Therefore, the protective terms of the Michael Schlossberg sprinkler system contract so far as they apply to the sprinkler system itself, are as enforceable against his successors in interest under the bankrupt sale as they were against Schlossberg himself.

No reason is suggested by any of the parties to this appeal

why the fee simple owner of a building, and the land whereon it stands, may not lawfully make such a contract as that here involved, for the specific purpose of securing the benefits of a sprinkler system for his building on terms that will enable the installer of it to protect his collections of rentals for its use, nor do we perceive any reason why such an agreement may not, as to the sprinkler system installed under it, be specifically enforced in a court of equity according to its express terms.

A majority of the Court are of the opinion that there is equity in the bill and that the motion to dismiss should have been denied and the defendants required to answer within a time to be fixed by the chancellor.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.