E. E. WAGNER, as Executor under the Last Will and Testament and Codicil Attached Thereto, of Ida F. Vail, deceased, *et al.,* v. THE PHILLIPS COMPANY, a Delaware Corporation.

172 So. 238.

Opinion Filed January 20, 1937.

Rehearing Denied February 12, 1937.

*Treadwell & Treadwell,* for Appellants;
*Gibbons & Gibbons,* for Appellee.

TERRELL, J.—In August, 1928, Moore Pipe and Sprinkler Company entered into contract with Michael Schlossberg to install an automatic sprinkler system in a building belonging to the latter. The lot on which the building stood also belonged to Schlossberg who agreed to pay a rental of ninety dollars per month for forty-eight months for the lease of the sprinkler system. This contract was assigned to appellee, The Phillips Company, but Mrs. Ida F. Vail had prior to its execution, acquired a mortgage on the house and lot.

In May, 1930, Schlossberg was adjudicated a bankrupt and the trustee in bankruptcy, under order of the Court, sold the building in which the sprinkler system was installed and the land on which it was located to Ida F. Vail, subject to any right, title, or interest held by Phillips Company. See Phillips Co. v. Wagner, 115 Fla. 631, 155 So. 842, for a fuller statement of the facts. The order authorized the sale of all the bankrupt's real estate free of all liens and required the lien holders to bid in the order of priority. The mortgage holder bid in the property and the sale was confirmed subject to the rights stated.

On the going down of the mandate in the last cited appeal an answer was filed, a motion to strike portions of which was granted, a rehearing was denied, and the present appeal is from that decree. That portion of the answer stricken raised the question of whether or not the purchase at the bankruptcy sale free of all claims except that of the

Phillips Company had the effect of subordinating the mortgage held by the purchaser, Mrs. Vail, to the lien of the sprinkler contract held by appellee.

The contract for the sprinkler system provided that the vendor might enter the property and remove the sprinkler system or shut it off and seal it in the event of default in any of the payments. This right was reserved by the decree in the bankruptcy court confirming the sale of the real estate to the purchaser.

The bill of complaint bases complainant's right of recovery on Mrs. Vail's refusal to allow the vendor to enter the premises and shut off and seal the sprinkler system. The chancellor granted the motion to strike portions of the answer because no effort was made on the part of the purchaser at the bankruptcy sale to set aside that part of the decree which made the house and lot purchased free of all liens except that of the sprinkler contract.

We have reached the conclusion that the decree appealed from was correct. Under the facts stated Mrs. Vail took the real estate burdened with the sprinkler contract. In refusing to permit the sprinkler system to be sealed and shut off she accepted the benefits of that contract and having accepted the property purchased free of all other liens the lien of her mortgage and all other liens were subordinated to that of the sprinkler contract.

For reversal appellant relies on her mortgage which was several years prior in date to the sprinkler contract. The general proposition that a junior encumbrance takes title subordinate to the senior encumbrance is academic and so well settled that it would be superfluous to cite authorities to support it. In our holding in this case that rule is not denied or overthrown but when the purchase was made at the bankruptcy sale under the facts stated an equity was

created in favor of appellees that had the effect of subordinating the lien of the mortgage to that of the sprinkler system contract.

The real question here involves the equity created in favor of appellee by the refusal of appellant to permit it (appellee) to seal the sprinkler system. The terms of the sprinkler contract are not the controlling influence but the benefits of that contract cannot be accepted and payment for it renounced. The transaction and the contract were subject to the interpretation placed on them by the chancellor. His judgment finds support in the record and is affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and DAVIS, J. J., concur.