WILLIAM H. NUNN and GEORGE H. HARBISON, Co-partners, v. FLORIDA AIR CONDITIONING & REFRIGERATION CORPORATION and R. ERNEST NITZSCHE.

197 So. 388
Division B
Opinion Filed July 9, 1940
Rehearing Denied July 22, 1940

*Ruff & Ready* and *J. T. McBrayer,* for Appellants;
*Alec Baker* and *Douglas D. Reed,* for Appellees.

BROWN, J.—This is an appeal from two orders of the
Circuit Court for Dade County, the first dismissing the
original bill and allowing ten days to amend, and the second
order, entered March 9, 1940, sustaining the separate motions
of the defendants and dismissing the amended bill of com-
plaint, with prejudice. Both bills were for an accounting,
but alleged an indebtedness due by the defendants to the
plaintiffs amounting to a certain specified sum, which sum
was considerably less than $5,000.00, and hence not within
the jurisdiction of the Circuit Court for Dade County in
common-law actions. The chancellor stated in his order
that in his opinion the plaintiffs had an adequate remedy
at law, and that for that reason the amended bill was dis-
missed with prejudice. It is unnecessry to consider or rule
upon the order dismissing the original bill with leave to
amend, as said bill was amended, and the rulings of the
court below on the amended bill form the real basis for
the appeal.

We are not convinced, in spite of the able arguments of
counsel for appellants, that the chancellor erred in holding
that the plaintiffs had an adequate remedy at law. The
right of a defendant to a jury trial should not be lightly
denied. But appellants contend that, even though the
chancellor should be held correct in holding that appellants

had an adequate remedy at law, the chancellor erred in dismissing the bill with prejudice; that, instead of so doing, the chancellor should have ordered the cause to be transferred to the Civil Court of Record of Dade County, which was vested with jurisdiction of actions at law, involving less than $5,000.00, there to be proceeded with in accordance with Section 75 of the Florida Chancery Act. This section reads as follows:

"Section 75. Action at law erroneously begun as suit in equity: Transfer to court of law. If at any time it appears that a suit commenced in equity should have been brought as an action at law, it shall be forthwith transferred to the law court of competent jurisdiction and be there proceeded with, with only such alteration in the pleadings as shall be essential. In such cases an order shall be made by the court for the transfer of the cause and the transmission of all papers filed therein to the proper law courts, and thereupon the originals of such papers shall be so transmitted and filed, together with a certified copy of the order; provided however, that when the transfer is to the law side of the same court it shall be effected by the order of the transfer."

We hold that this contention of appellants with regard to the transfer of the cause, is well founded. Appellees, however, contend that inasmuch as the circuit court was not vested with jurisdiction to adjudicate this case as an action at law, it could not have had the jurisdictional power to transfer it to the civil court of record, and that the court's order of dismissal with prejudice should be affirmed. Our view is that the above quoted section of the 1931 Chancery Act clearly vested the circuit court with the power and authority to make such order of transfer. The language of the Act is plain and unmistakable, and, in our opinion, is not violative of Section 11, Article V, of the Constitution, which section vests the circuit courts with certain specified

elements of jurisdiction, and contains a clause reading "and of such other matters as the Legislature may provide."

Appellees call our attention to the fact that the Federal Courts have held that, under the federal rule, the court cannot compel a litigant to transfer his case to the law side against his will; that if he elects to stand upon his bill, the cause will be dismissed. See American Land Co. v. Keene C. C. A. 10), 41 Fed. 484, and other cases cited in Mr. McCarthy's Annotations of our Florida Chancery Act, under section 75. But the language of section 75 of our Act is different from that of Federal Equity Rule 22 and Section 274a U. S. Judicial Code, and the federal case of American Land Co. v. Keene, *supra,* and other like cases, do not apply here. While the appellants did not make any motion to the court below for a transfer of the cause, it appears that the order sustaining the motion to dismiss, in which the Court held that the plaintiffs had an adequate remedy at law, also dismissed the amended bill with prejudice, instead of ordering it to be transferred to the Civil Court of Record. This was apparently a final disposition of the case, from which the plaintiffs took an appeal, as they had a right to do under the statute regulating appeals from decrees and orders in chancery.

Strongly persuasive of the correctness of our ruling on the point pertaining to the transfer of the cause are the following cases: Frierson v. Frierson, 110 Fla. 416, 149 So. 18; Orange County v. Robinson, 110 Fla. 318, 149 So. 19; Phillips Co. v. Wagner, 115 Fla. 631, 155 So. 842.

Some of the federal courts held that under the federal rule and statute above referred to (now doubtless displaced by the recently adopted Federal Rules of Civil Procedure) a motion to dismiss a bill on the ground of adequate legal remedy was no longer proper; that instead the defendant should move to transfer the case to the law side.

For the reasons above pointed out, we affirm that part of the order appealed from which holds that the plaintiffs below have an adequate remedy at law, but reverse that part of said order which dismissed the amended bill with prejudice, and the cause is remanded with instructions to enter an appropriate order of transfer pursuant to the requirements of Section 75 of the 1931 Chancery Act, *supra*.

Affirmed in part, reversed in part, and remanded with instructions.

WHITFIELD, P. J., and CHAPMAN, J., concur. ·

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.