CARROLL, Judge.
This appeal is by the defendants below from an interlocutory order. The complaint was filed in equity. Defendants moved to dismiss, and moved for transfer of the cause to the law side of the court “upon the ground that the same does not state a ground for relief in equity.” The motion to dismiss was granted with leave to amend. An amended complaint was filed. Defendants again moved to dismiss, and again moved to transfer to the law side of the court “upon the ground that the same does not state a ground for relief in equity.” Those motions directed to the amended complaint were denied. Thereafter the plaintiff moved for leave to file a second amended complaint and moved to have the cause transferred to the law side of the court. Those motions were granted, and the order entered thereon is the subject of this appeal.
Appellants contend it was error to allow the plaintiff to file a second amended complaint, and that the court was in error in transferring the cause to the law side. Neither contention has merit, and we affirm.
Allowing the amendment was not improper. Under rule 1.15(a) F.R.C.P., 30 F.S.A., liberality in permitting amendments is suggested. The amendment narrowed the issues to claiming damages. Regarding the order of transfer, appellants argue that where suit is properly commenced in equity it may not be transferred to the law side under rule 1.39(a) F.R.C.P. even though thereafter it is stripped of its-equities leaving only matters cognizable-at law. .We need not express an opinion on that contention, because on two oc-' casions in the trial court defendants took the position that the cause was not properly in equity at the outset and moved that it be transferred to the law side of the court. For that reason it may be said the defendant-appellants sought and induced the action of the trial court of which they now complain, since they, as well as the plaintiff, had moved therefor. Dorman v. Dorman, 125 Fla. 280, 169 So. 867. Appellants’ contention that the claims for damages, consisting of multiple items, are not provable at law and should be the subject of accounting in equity, is rejected for the reason just stated; and see Frierson v. Frierson, 110 Fla. 416, 149 So. 18; Nunn v. Florida Air Conditioning and Refrigeration Corp., 143 Fla. 648, 197 So. 388.
No reversible error having been made to appear, the order appealed from is affirmed.
Affirmed.