186 So.2d 13 (1966)
Edward McSWIGGAN, Sr., et al., Petitioners,
v.
Murray EDSON, Respondent.
No. 34223.
Supreme Court of Florida.
February 23, 1966.
Rehearing Denied March 30, 1966.
*14 Aronovitz, Silver & Scher, Miami, for petitioners.
Sanford M. Swerdlin, Miami, for respondent.
ROBERTS, Justice.
The matter is before us for review on the basis of conflict certiorari directed to a decision of the District Court of Appeal, Third District, reported as McSwiggan v. Edson, 172 So.2d 490, which affirmed an interlocutory order of the chancellor granting the plaintiff's motions to file a second amended complaint and to transfer the case to the law side.
The original complaint asked for imposition of a constructive trust, an accounting and a temporary injunction. The defendant moved to dismiss and to transfer to the law side for failure to state a cause cognizable in equity. The motion to dismiss was granted with leave to amend. The amended complaint also asked for an accounting, an injunction, a decree that defendants are indebted to plaintiff for $196,000 and imposition of a resulting trust for that amount. The defendants again filed motions to dismiss and to transfer; both were denied. Thereafter the plaintiff moved for permission to file a second amended complaint which alleged the plaintiff's employment on a commission basis by the defendants, his earning of commissions and their failure to pay; breach of a pre-incorporation agreement between plaintiff and defendants and breach of an oral exclusive sales contract, for all of which he asked monetary damages. Plaintiff also moved to transfer the case to the law side of the court. Both these motions were granted and defendants took an interlocutory appeal.
*15 The district court held that since on two occasions in the trial court the defendants had moved to transfer the case to the law side, they, as well as the plaintiff, had induced the action of the trial court and cannot now be heard to complain.
This conflicts with the holding of this Court in Olin's, Inc. v. Avis Rental Car System of Florida, Inc., Fla. 1958, 104 So.2d 508, wherein we said:
"In either event, whether overruled for substantive reasons or for merely formal reasons, the admissions made by the defendant's motion to dismiss and its corollary, the motion to transfer, `dropped out of the case' as in the case of any other pleading which has been successfully attacked by the opposing party, leaving the record `in the same shape as it would have been if no [such pleading] had been filed,' * * *."
Conflict having been demonstrated, we have jurisdiction to look to the merits of this cause.
We adhere to our holding in Olin's, Inc., supra, and so must hold that the district court was in error in the reason it assigned for its affirmance. Nevertheless, the trial court's order should have been affirmed.
Defendants argue that it was error for the chancellor to permit the plaintiff to file his second amended complaint. Under Rule 1.15(e), F.R.C.P., 30 F.S.A. the trial judge, in his sound judicial discretion, is authorized to permit amendments in furtherance of justice at any time. His judgment on this matter will not be disturbed in the absence of a demonstrated abuse of his discretion. Houston Texas Gas & Oil Co. v. Hoeffner, Fla.App. 1961, 132 So.2d 38.
Defendants contend that the abuse of discretion here lies in the fact that the second amended complaint constituted a departure in pleading. We hold that it does not. See Lopez v. Avery, Fla. 1953, 66 So.2d 689, and 6701 Realty, Inc. v. Deuville Enterprises, Inc., Fla. 1955, 84 So.2d 325. In Lopez we stated that:
"The law is plain that where an amended pleading asserts rights or claims arising out of the same transaction, act, agreement or obligation on which the original pleading is founded, and the parties in interest and the essential elements of the controversy remain the same, the amendment will not be regarded as a new cause of action, and the amended pleading should not be dismissed on the ground that it constitutes a departure."
The second amended complaint meets these tests.
The original complaint and the amended complaint asked for equitable relief and were clearly matters under Chancery's jurisdiction. The second amended complaint, however, did not pray for any equitable relief but only for money damages. It is true that equity will retain jurisdiction to grant monetary damages as incidental relief but where money damages is the sole relief prayed, it is not incidental. The filing of the second amended complaint which was bare of allegations or prayers which would justify equity jurisdiction constituted an "intervening factor" which either made the court in which the cause was pending powerless to grant the relief sought or prevented it from providing adequate relief. In such case, the court has a duty, under Rule 1.39(a) F.R.C.P. to transfer the cause. Owens v. Smith, Fla.App. 1963, 154 So.2d 878; Miller v. Rolfe, Fla.App. 1957, 97 So.2d 132.
For the reasons above stated, the chancellor was correct in his rulings and the judgment of affirmance by the district court was not in error.
THORNAL, C.J., and THOMAS, CALDWELL and ERVIN, JJ., concur.