245 So.2d 849 (1971)
STATE of Florida ex rel. Willie Dee JONES, Relator,
v.
The Honorable Marshall C. WISEHEART As Presiding Judge and the Honorable Joseph Nesbitt As Judge of the Circuit Court in and for the 11TH Judicial Circuit in and for Dade County, Florida, Respondents.
Eddie Lee GRIFFIN, Relator,
v.
Harvey DUVAL, Circuit Judge, Circuit Court for the Eleventh Judicial Circuit of Florida, Respondent.
Nos. 40829, 40830.
Supreme Court of Florida.
March 11, 1971.
*850 Prebish & Masin, Miami, for Willie Dee Jones.
Phillip A. Hubbart, Miami, for Eddie Lee Griffin.
Robert L. Shevin, Atty. Gen., Stuart L. Simon, Deputy Atty. Gen., and Rebecca Bowles Hawkins, Asst. Atty. Gen., for respondents.
ROBERTS, Chief Justice.
These are companion cases attacking the validity of House Bill 17-B, now published as Chapter 71-1(B), Laws of Florida, 1971, by way of original proceedings filed in this court to obtain Writs of Prohibition against the respondents as presiding judge and judges of the Circuit Court of Dade County, respectively. The Rule Nisi issued as prayed in each case, and the causes were ordered consolidated for hearing on the issues made by the Relators' Suggestions for the Writ of Prohibition and the Respondents' Return to and Motions to Quash the Rule Nisi.
House Bill 17-B was enacted on February 1, 1971, during a special session of the Legislature, to provide a procedure for helping to break the "log jam" of noncapital felony cases awaiting trial in the criminal courts of record in some of our larger counties. The statute provides two avenues of approach to the problem: (1) a felony case pending in the criminal court of record may be transferred to the circuit court for trial, and (2) a circuit judge may be assigned to the criminal court of record to try cases pending in that court.
The Relator Jones contends that the provision of the statute under which the case pending against him in the Criminal Court of Record of Dade County was transferred to the circuit court for trial violates Section 6(3) and Section 9 of Article V of the Florida Constitution, F.S.A., and the Petitioner Griffin argues that the provision under which a circuit judge was assigned to try the case pending against him in the Criminal Court of Record of Dade County violates Section 2 of Article V of the Florida Constitution. We have the view that neither of these contentions may be sustained.
Section 6(3) of Article V was a part of the 1885 Constitution (formerly Section 11 of Article V prior to the 1956 revision of Article V). It provides in pertinent part that:
"The circuit courts shall have exclusive original jurisdiction * * * in all criminal cases not cognizable by subordinate courts. They shall have original jurisdiction of * * * such other matters as the legislature may provide. * * *"
Also relevant here is Section 9 of Article V, providing for the establishment of criminal courts of record by the Legislature and vesting in such courts "jurisdiction of all criminal cases not capital which shall arise in said counties respectively." It is contended on behalf of the Relator Jones that the provision of House Bill 17-B authorizing *851 the transfer of a cause pending in the criminal Court of record to the circuit court has the effect of vesting in the circuit court jurisdiction of such cause concurrent with that of the criminal court of record, contrary to the provisions of Sections 6(3) and 9 of Article V, supra. No case is cited in support of the contention that the constitution prohibits the Legislature from conferring upon a circuit court concurrent jurisdiction, as distinguished from exclusive original jurisdiction, of any matter. Nor has our independent research revealed such a case.
In Hays' Administratrix v. McNealy, 16 Fla. 409  a case decided in 1878, just seven years before the adoption of the 1885 Constitution  the court was concerned with the question of whether a statute vesting in the Superior Court authority to make an order in an estate matter divested the Probate Judge of authority under an earlier statute relating to the same matter. The court said:
"The subject here acted upon by the Legislature is the jurisdiction of courts, and looking to the repeated expression of opinion by the Supreme Court of the United States and the several State courts as to the nature and character of jurisdiction, there is nothing in it which renders it inconsistent or exclusive. The rule may be stated to be that jurisdiction is concurrent, not exclusive. The exception is where it is exclusive. (Emphasis added.)"
It may be assumed that, in drafting the instrument that is to serve as the basic framework of our government, the framers of our Constitution selected each word to express precisely their intent. When the language of Section 6(3) and Section 9 of Article V is considered in the light of the rule as to jurisdiction enunciated in Hays' Administratrix v. McNealy, supra, there can be little if any doubt that the framers of the Constitution intended to vest in the circuit courts exclusive original jurisdiction of criminal cases not cognizable in subordinate courts, but that they did not intend to prohibit the Legislature from vesting in such courts jurisdiction concurrent with that vested in a subordinate court. The provision of the same section authorizing the Legislature to vest in circuit courts "original jurisdiction"  without the qualifying word "exclusive"  of "such other matters as the Legislature might provide" is susceptible of no other construction. It is equally clear that the criminal court of record was vested with nonexclusive jurisdiction of noncapital criminal cases. Here, again, the omission of the word "exclusive" is conclusive. It has, in fact, been so held by this court in State v. Sullivan (1928) 95 Fla. 191, 116 So. 255, in which the court reaffirmed the rule of Hays' Administratrix v. McNealy, supra, and upheld a statute creating a court of crimes and vesting in it jurisdiction over misdemeanors concurrent with that of the criminal court of record. The court said:
"Jurisdiction then `is not like a grant of property which cannot have several owners at the same time.' Two or more courts may have concurrent jurisdiction of the same subject-matter, and the rule is well settled that when the Constitution or the statute in specific terms vests jurisdiction in any tribunal without the qualifying term `exclusive,' or words of equivalent import, the Legislature may in its discretion vest the like jurisdiction in another court or tribunal. Hays v. McNealy, 16 Fla. 406 * * *." 116 So. at page 259.
Nor can it be seriously contended that the provision authorizing the transfer of a case from the criminal court of record to the circuit court is an unconstitutional attempt to expand the jurisdiction of the circuit court. As noted above, Section 6(3) of Article V vests in the circuit courts jurisdiction of "such other matters as the Legislature may provide." In Ex parte Cox (1902) 44 Fla. 537, 33 So. 509, this court noted that, by this provision, the framers of the Constitution intended that the Legislature could enlarge the jurisdiction *852 of the circuit courts "in order that the courts, by the flexibility of their powers, might meet the unforeseen or growing demands engendered by new conditions. * * *" And numerous decisions of this court have upheld statutes vesting in the circuit courts jurisdiction of various matters to meet a new situation. See Pugh v. Bowden (1907) 54 Fla. 302, 45 So. 499, vesting in the circuit judge and the county judge concurrent jurisdiction to commit incorrigible persons to the State Reform School; Nunn v. Florida Air Conditioning and R. Corp. (1940) 143 Fla. 648, 197 So. 388, upholding the transfer of a case erroneously filed in the circuit court, in chancery, to a civil court of record; State ex rel. Young v. Duval County (1918) 76 Fla. 180, 79 So. 692, vesting in circuit judges jurisdiction to determine the reasonableness of bridge tolls fixed by a county commission; State ex rel. Landis v. Simmons (1932) 104 Fla. 487, 140 So. 187, vesting in circuit courts authority to hear, de novo, a proceeding for the annulment of a physician's license by the State Board of Medical Examiners; and Jacksonville, T. & K.W. Ry. Co. v. Adams (1892) 29 Fla. 260, 11 So. 169, vesting in the circuit court the authority to try proceedings for the condemnation of privately owned land by railroad companies.
In summary, while the Constitution provides that the circuit courts shall have "exclusive original jurisdiction" of cases not cognizable in subordinate courts, it does not prohibit the Legislature from conferring upon the circuit courts jurisdiction concurrent with that of other courts of a matter that is not within the exclusive jurisdiction of such other court. The criminal court of record does not have exclusive jurisdiction of noncapital criminal cases. In the early case of State ex rel. Florida Pub. Co. v. Hocker, 35 Fla. 19, 16 So. 614, this court said that "jurisdiction of the courts is an appropriate subject of legislation in all cases when not restrained by constitutional inhibition." Finding no constitutional inhibition to the Legislature's providing for the transfer of a cause from the criminal court of record to the circuit court for trial, the contention of the Relator Jones in this respect cannot be sustained.
It is contended on behalf of the petitioner Griffin that the provision of House Bill 17-B authorizing the presiding circuit judge to assign a circuit judge for temporary duty in the criminal court of record is null and void for the reason that Section 2 of Article V of the Constitution vests in the chief justice of this court the sole and exclusive authority to assign justices of this court and judges of appellate and trial courts for temporary duty in another court. This section authorizes the chief justice of the Supreme Court to exercise "in accordance with rules of that court" authority temporarily to assign circuit judges to judicial service on the Supreme Court, a district court of appeal, or another circuit court, and to assign "judges of other courts, except municipal courts, to judicial service in any of the same or lesser jurisdiction." Section 3 of Article V authorizes this court to adopt rules governing the "practice and procedure in all courts" of the state. Both Sections 2 and 3 of Article V were new in the 1956 revision of Article V. The Legislature had over the years enacted statutes regulating the practice and procedure in the courts of the state and requiring the judge of a constitutional court to serve ex officio as the judge of another court created by the Legislature pursuant to constitutional authority. These statutes were universally upheld under the provisions of Article V as it existed prior to the 1956 revision; and in Jaworski v. City of Opa-Locka (Fla. 1963) 149 So.2d 33, this court said that a rule adopted pursuant to Section 3 of Article V "superseded any legislative enactment governing practice and procedure to the extent that the statute and the rule may be inconsistent." (Emphasis added.)
It is settled that the Supreme Court is not authorized to adopt a rule under *853 Section 2 of Article V to provide for the assignment by the chief justice of a circuit judge for judicial service in any court of the same or lesser jurisdiction other than another circuit court. See In re Assignments of Justices and Judges (Fla. 1969) 222 So.2d 22. And we know, of course, that no rule has been adopted under the authority of Section 3 of Article V with respect to the assignment of Circuit Judges for judicial service in a criminal court of record. So the question is whether the framers of Section 2 of Article V intended to prohibit the legislature altogether from providing by statute for the assignment of judges to duty in other courts. If not, then  by analogy to our interpretation of Section 3 of Article V  it would appear that the Legislature is free to enact statutes in this area, so long as they are not inconsistent with the Rules of this court implementing the authority of the chief justice granted by Section 2 of Article V and exercising our authority under Section 3 of Article V respecting "practice and procedure."
The basic and fundamental principle of constitutional law applicable here was stated in Harry E. Prettyman, Inc. v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442, 445, as follows:
"* * * the state Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid."
Clearly, Section 2 of Article V contains no express prohibition against the enactment in question; nor do we think it can be interpreted as impliedly prohibiting such legislative action. The rule as to implied prohibition is applicable in the field of regulation  where a regulation is prescribed by the Constitution, it is in effect a prohibition against a conflicting statutory regulation. As stated in Weinberger v. Board of Public Instruction (1927) 93 Fla. 470, 112 So. 253, 256:
"The principle is well established that, where the Constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different manner. Even though the Constitution does not in terms prohibit the doing of a thing in another manner, the fact that it has prescribed the manner in which the thing shall be done is itself a prohibition against a different manner of doing it. Holland v. State, 15 Fla. 455, text 523. See, also, Grantham v. Board of Public Inst., 77 Fla. 540, 82 So. 52. Therefore, when the Constitution prescribes the manner of doing an act, the manner prescribed is exclusive, and it is beyond the power of the Legislature to enact a statute that would defeat the purpose of the constitutional provision. State ex rel. Murphy v. Barnes, 24 Fla. 29, 3 So. 433; State ex rel. Church v. Yeats, 74 Fla. 509, 77 So. 262; Leonard v. Franklin, 84 Fla. 402, 93 So. 688. See, also, Cooley's Const.Lim. (7th Ed.) p. 114; Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703; Bryan v. Sundberg, 5 Tex. 418; District Township [of Dubuque] v. Dubuque, 7 Iowa, 262."
The constitutional provision in question, Section 2 of Article V, has expressly provided for the temporary assignment of the justices and judges designated therein by the chief justice of this court pursuant to rules of this court; and it would be beyond the power of the Legislature to provide for the temporary assignment of such judges in any manner that was inconsistent with the rules of the court and the authority of the chief justice therein provided. But this provision makes no attempt to regulate the manner of assigning a circuit judge to a court of the same or lesser jurisdiction other than another circuit court; and it can only be inferred that the Legislature did not intend that the chief justice should have the power to make temporary assignments of circuit judges for duty in other courts. The "implied power" rule is not, in our opinion, applicable here.
*854 Nor do we think the application of the maxim inclusio unius exclusio est would have any effect other than prohibiting the chief justice from assigning a circuit judge for temporary duty in a court of the same or lesser jurisdiction other than another circuit court. If by "including" the chief justice as the official entitled to make temporary assignments of justices and judges for judicial service it was intended to exclude all other officials and bodies from the exercise of this power, the end result would be that the circuit judges of this state are immunized from temporary assignments for duty in any courts other than another circuit court, a district court of appeal, or the supreme court. This necessarily follows, since, as noted above, the chief justice has no authority to assign circuit judges for duty except to those courts; and the exclusion of all other authorities would operate to exclude both this court and the legislature. We cannot think that this was the intention of the framers of the Constitution  it was certainly not the express intention; and we do not think it must necessarily be inferred. Accordingly, the contention of the Petitioner Griffin in this respect cannot be sustained.
It has been suggested by the eminent counsel for Respondents that this court could perhaps, under Section 3 of Article V, adopt a rule of "practice and procedure" to provide substantially as the Legislature has done in House Bill 17-B for the assignment of circuit judges for judicial service in a criminal court of record. However, for the reasons above stated, we find nothing in the Constitution that either expressly or impliedly prohibits the Legislature from so doing.
The other attacks here made on the statute by the Relator and the Petitioner have been carefully considered and found to be without merit.
By way of obiter dicta we comment that when a circuit judge is presiding over a court of record, under the authority of the law here involved, he is still a circuit judge sitting as a judge ad hoc of the court to which he has been assigned.
Having determined that Chapter 71-1(B), Laws of Florida, 1971, is constitutional, the Rule Nisi heretofore issued in each case is hereby quashed and the causes dismissed.
It is so ordered.
ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.