SIX MILE CREEK KENNEL CLUB, INC., and P. R. BOURQUARDEZ, its Receiver, v. STATE RACING COMMISSION.

161 So. 58.
Division B.
Opinion Filed April 27, 1935.

*Henry E. Williams,* for Petitioners;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *J. V. Keen,* Assistants, and *Carl T. Hoffman,* for Respondents.

BUFORD, J.—The case is for review on writ of certiorari to review an order of the State Racing Commission of the State of Florida revoking a permit and license theretofore issued to Six Mile Creek Kennel Club, Inc., to conduct a dog race track in Hillsborough County.

The club opened and began racing on December 7th, 1932. On December 15th, 1932, it remitted its check for license fees due the State. On December 19th, 1932, before another payment was due for fees, the track closed for the Christmas holidays. It then encountered financial difficulties and did not reopen. On January 6th, 1933, the Circuit Court of Hillsborough County appointed a Receiver to take charge of all the assets of the Kennel Club. The Receiver qualified. The Receiver has been duly authorized to institute and maintain this proceeding.

The check for fees due the State as of December 15th, 1932, was not promptly presented for payment. There is no showing that the check was not made or transmitted in good faith, nor that the drawer did not have sufficient funds in the bank on which the check was drawn to pay the check, had it been promptly presented. Notice of non-payment because of insufficient funds was given on January 2nd, 1933.

On January 3rd, 1933, the commission, by letter, notified the Kennel Club that unless the check was made good by noon on January 5th, 1933, it would take steps toward canceling the permit and license. This notice was after application had been made for appointment of a Receiver.

On January 9th the commission advised the Receiver that unless the amount of money due the State should be paid before the track opened the commission would cancel the permit. On January 16th the commission notified the president of the Kennel Club that unless the Kennel Club "arranged to pay up amounts due the State of Florida in full, together with all other outstanding and unpaid accounts due for their operation here (Tampa) by twelve o'clock noon, Friday, January 20th, 1933, the State Racing Commission will permanently revoke their permit on that date."

On January 20th, 1933, the following proceedings were had by the State Racing Commission:

"Motion by Mr. Dosh seconded by Mr. Sweger that the permit of the Six Mile Creek Kennel Club, Inc., for good and sufficient reasons be revoked and that the Attorney General be requested to handle same in a legal manner and that he be requested to proceed to collect the amount due the State of Florida by said association. Motion carried."

Now there can be no question but that the Racing Commission of the State of Florida may revoke the permit and license of a certificated race track because of the *willful* non-payment of license tax and fees due the State of Florida under the provisions of that Act. Section 7 of the Act in part provides:

"The Racing Commission shall have the right and authority to revoke the permit of any licenses hereunder upon the willful violation of any of the provisions of this Act."

We construe the word "willful" as here used, to mean,

knowingly and of a stubborn purpose, with evil intent, without justifiable excuse. See Bouvier's Law Dictionary, Vol. 2, page 1229, also Spurr v. U. S. 174, U. S. 728, 43 Law Ed. 1150; McPheeters v. Board of Medical Examiners, 103 Cal. Ap. 298, 284 Pac. 938, and cases there cited; County Canvassing Board v. Lester, 96 Fla. 484, 118 Sou. 201.

The record shows that the Kennel Club had posted a good and sufficient bond in the sum of $50,000.00 to guarantee the payment of these licenses and fees and, as heretofore stated, there is no showing that the club did not have sufficient funds on deposit, when the check was drawn and delivered, with which to pay the check had it been promptly presented for payment.

No application was made to the Court which had appointed the Receiver to require the Receiver to pay the fees and taxes due.

There is no showing in the record here of any *finding* or *determination* by the commission that the Kennel Club had *willfully* failed and refused to pay the fees and taxes due the State as provided for by the Act creating the commission. This finding of fact and determination by the commission is a prerequisite to its jurisdiction to cancel a permit and license granted.

The demand made by the commission to the president of the Kennel Club on January 16th, above quoted, included conditions which were beyond the power of the commission to make in that it required the Kennel Club not only to pay the amounts due the State for fees and taxes but to pay all other outstanding and unpaid accounts due for their operations by twelve o'clock noon on January 20th, 1933.

The resolution or motion by which the permit was revoked on January 20th contains no jurisdictional finding or determination of fact which would constitute a legal basis

for such revocation. It is so vague, indefinite and uncertain as to be of no legal force and effect.

We think that certiorari is the proper method to test the validity of the order of the commission is definitely settled in this State by the opinion and judgment in the case of Prettyman v. Fla. Real Estate Commission, 92 Fla. 515, 109 Sou. 244, and Fla. Motor Lines, Inc., v. Railroad Commission, 100 Fla. 538, 129 Sou. 876.

For the reasons stated, the order here under review is quashed.

It is so ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.