**STATE BEVERAGE DEPARTMENT OF FLORIDA and JAMES T. VOCELLE, as Director of the State Beverage Department of Florida, v. J. C. WILLIS, trading as Club Kokomo.**

32 So. (2nd) 580                                    June Term, 1947
November 21, 1947                                      Division B

*J. Tom Watson,* Attorney General, *D. Fred McMullen,* Assistant Attorney General, for appellant.

*B. L. Solomon* and *R. S. Pierce, Jr.,* for appellee.

BARNS, J.:

The defendant-appellant filed its motion to dismiss plaintiff's-appellee's bill, which motion was denied, and, not electing to answer the bill, a final decree was entered enjoining the revocation of the license of plaintiff-appellee, from which decree appellant brings this appeal.

The bill alleges that the plaintiff-appellee was possessed of a State beverage license for the year 1945-46 and that in September, 1946, he was given a notice by the defendant-appellant of intention to revoke said license; that the appellee thereupon demanded a hearing, which hearing was held on January 31, 1947; that upon said hearing being had the appellant-director revoked the said license for the year 1945-46.

After the notice of intention to revoke was given, in September, 1946, and prior to the revocation, on January 31, 1947, the appellee made application and received a renewal license for the year 1946, 47.

The only other facts alleged to show an equity were that the director's acts were arbitrary and without sufficient cause and that the plaintiff-appellee had purchased a large quantity of beer for re-sale.

The assignments of error argued by appellant are:

("1   That the chancellor erred in finding the equities with the plaintiff-appellee and enjoining the revocation of appellee's license; and

"(2) That the chancellor erred in holding that equity had jurisdiction and in not holding that plaintiff's remedy was by *certiorari* only."

The common law writ of certiorari appears to be the ordinary course for judicial review of an order revoking a license by a court or commission when no other method has been prescribed.

In Sirmans v. Owens, 87 Fla. 485, 488, 100 So. 734, the review of the removal of a policeman was sought by certiorari and the Court held that:

"The writ of certiorari lies only to review the actions of courts, boards or officers exercising functions clearly judicial or quasi judicial."

In State v. Rose, 123 Fla. 544, 551, 167 So. 21, 24, this Court, in reference to the common law writ of certiorari, stated:

"In the case of Six Mile Creek Kennel Club v. State Racing Commission, 161 So. 58, 119 Fla. 142, we held that certiorari was the proper remedy to test the validity of a State Racing Commission's order, an order quasi-judicial in its nature, revoking a permit and license to conduct a dog track for alleged non-payment of license fees. The opinion in that case cited as authority for this proposition, the cases of Prettyman, Inc., v. Florida Real Estate Commission, 92 Fla. 515, 109 So. 442, and Florida Motor Lines, Inc., v. Railroad Commission, 100 Fla. 538, 129 So. 876."—and that:

" . . . certiorari lies to review the erroneous or unwarranted acts or proceedings of courts and public bodies exercising judicial or quasi-judicial powers, where no remedy by appeal or writ of error is provided."—and in In Re: Paul Grubb, 116 Fla. 387, 389, 156 So. 482, stated:

"The writ of certiorari, by removing to a reviewing court the record of a subordinate tribunal whose order is sought to be quashed, brings before the reviewing court all of the parties who appeared and were heard as parties to the proceeding in which the challenged order was made."

In Six Mile Creek Kennel Club, Inc., v. State Racing Commission, 119 Fla. 142, 146, 161 So. 58, this Court stated:

"We think that certiorari is the proper method to test the validity of the order of the commission is definitely settled in this State by the opinion and judgment in the case of Prettyman v. Fla. Real Estate Commission, 92 Fla. 515, 109 So. 244, and Fla. Motor Lines, Inc. v. Railroad Commission, 100 Fla. 538, 129 So. 876."

Certiorari should not be issued without *notice* of application and the granting of the writ operated as a *supersedeas,* (Great American Ins. Co. v. Peters, 105 Fla. 380, 141 So. 322; State ex rel. v. Driskell, 117 Fla. 717, 721) and is the appropriate procedure for the review of the revocation of a license by the exercise of any judicial quasi-judicial function by a court, board or commission.

Section 561.29 F.S.A. authorized the direction to revoke a liquor license for violation by any licensee "of any of the laws of the State or of the United States or of his maintaining a nuisance or unsanitary premises, or engaging in or permitting disorderly conduct on the premises . . . " after a "written statement of such cause for revocation . . . and a fair hearing," but that:

"In order to permit a licensee whose license shall be revoked an opportunity to apply to the courts for relief, no revocation of license by the director shall become effective until ten days after such revocation but shall then become effective unless prevented by judicial action."

Section 561.30 F.S.A. provides:

"If within the ten day period a licensee whose license has been revoked shall apply to the circuit court or any judge thereof, of the county wherein such license is licensed to do business under the beverage law by mandamus or injunctive proceeding or otherwise to test the validity of such revocation, such court or the judge thereof shall act immediately in the disposition of such proceeding and to make such order as to return days, time of filing pleadings and time for hearings on law or facts as may be necessary to a prompt determination of the validity of such revocation."

It was not the intent of the foregoing Sections to prescribe the course of procedure for judicial review but only to grant

the ten days of grace in order to enable the licensee to seek such judicial review as might be appropriate and the duty of the court or judge relative to expedition of the case.

There is serious doubt that the bill contains any equity, as it appears that plaintiff-appellee had an adequate remedy by a common law writ of certiorari and that the suit in equity was merely used to review the action of revocation by the director. However, since the bill has some semblance of equity and the chancellor took jurisdiction and has proceeded to final decree, we will not hold him in error for want of jurisdiction of the subject matter.

Since this case presented no peculiar equities to the chancellor, it became the duty of the chancellor to apply the law as if before him for review by certiorari, in which case the question was: From the face of the record of the proceedings before the director did he exceed his powers or has he not proceeded according to the essential requirements of law? The record fails to show any such errors.

And as to the facts in review on certiorari, the rule is that on certiorari the court will not ordinarily review conflicting testimony, but only such absence of evidence as results in injury sufficient to amount to a departure from the essential requirements of law.

The facts appear to be that in May, 1945, many bottles of liquor were found and that in September, 1946, a bottle of whiskey was bought from a man from behind the counter at plaintiff's place of business. This would support the action of the director.

The decree appealed from is reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.