## ORBAN, et al v. STATE BEVERAGE DIRECTOR.

Circuit Court, Dade County.

June 18, 1952.

Roberts, Holland & Strickland, Ernest E. Roberts, Miami, for petitioners.

Thomas C. Britton, Miami, for respondent.

GEORGE E. HOLT, Circuit Judge.

This cause came on to be heard on a petition for a writ of certiorari to an order[1] entered by the respondent herein revoking beverage license #640 (4 COP) issued to the petitioners for the 1951-52 license year, or any renewal thereof.

---

[1] Order of Revocation of Beverage License by LEWIS M. SCHOTT, Director, Beverage Department, addressed to DeLuxe Bar & Package Goods, G. & Earnest Orban, 2800 N. W. 27th Ave., Miami, March 7, 1952:

This cause came on to be heard before the undersigned director after notice of revocation or suspension, request for hearing, notice of hearing. Respondent was present at said hearing and accompanied and represented by counsel. The director having heard all of the testimony of all the witnesses and having considered the evidence submitted by the respective parties finds that G. Orban and Earnest Orban, owners of the DeLuxe Bar & Package Goods, did permit disorderly conduct on the licensed premises on or about January 26, 1952; that said owners did have, keep, exercise or maintain a room directly connected with the licensed premises for the purpose of gam-

It appears that the petitioners operate the DeLuxe Bar & Package Goods on the premises known as 2800 N. W. 27th Avenue, Miami, that on January 26, 1952, members of the state beverage department broke into and entered the premises known as Bob's Pool Room, located at 2701 N. W. 28th Street, Miami, and found about twenty men congregated therein. There was no testimony at the hearing before the state beverage director that the witnesses saw or observed any gambling going on in Bob's Pool Room, and counsel for the respondent in his argument before the court admitted that there was insufficient evidence obtained at that time to convict any of the occupants of operating a gambling house or gambling.

It is to be observed both from the testimony of the witnesses and the exhibits, particularly the pictures, that there are two separate and distinct premises involved, in separate unconnected buildings, with separate entrances, separate toilets, separate electric services, etc. There are no connecting doors between the two buildings, and it appears that to go from one to the other, one must go outdoors into the open. There is no evidence whatsoever of any violation of the gambling laws of the state of Florida on the premises of the petitioners for

bling and did have in said room and on said premises certain gambling equipment including a crap table, lay-out, cards, chips, dice and dice box. The director further finds that on or about January 26, 1952, some twenty persons were found in and about the premises, under such circumstances as reasonably lead the director to believe that they came there for an unlawful purpose, to-wit: gambling. The director further finds that the operation of the gambling room was facilitated and abetted by an electric buzzer device directly connected with the premises or room operated as a liquor store under state of Florida license #640 and that certain calling cards were found in the gambling room which bore the street address of the barroom operated under the above license. The director further finds that certain persons called doormen frequented the barroom premises with the knowledge of the licensee and employees thereof, and on repeated occasions directed patrons from automobiles parked outside the licensed premises into the gambling room of the premises, and that for the aforementioned reasons said owners of the DeLuxe Bar & Package Goods did maintain, own or lease the premises contrary to section 823.05 Florida Statutes, by maintaining a nuisance contrary to said statute, it is therefore

Ordered that beverage license #640 (4 COP) issued to respondent for the 1951-52 license year, or any renewal thereof, shall be and the same is hereby revoked.

In the event execution of this order is prevented by judicial action, the effective date hereon shall, if said order is sustained, then commence with the date of the court's final order at the conclusion of the judicial proceedings and shall continue for the period designated hereinabove.

which they hold their license, and but the slightest suspicion can be inferred of any violation of such laws transpiring in the separate and unrelated location of Bob's Pool Room which the evidence shows petitioners lease to one W. P. Gray.

The "notice of revocation or suspension of beverage license" served on the petitioners herein serves as a charge similar to an information or indictment, and in brief, alleges violations of the gambling laws of Florida occurring in the licensed premises, to-wit: 2800 N. W. 27th Avenue, Miami. The most that can be said in this case is that there may be a bare suspicion that some kind of gambling may have been going on in the premises adjoining those of the licensees, but not on their own premises. The revocation of a liquor license is a drastic measure to be entered into with great caution. Such an action usually results in great monetary loss to the licensee and snatches away from him his means of livelihood. Not only should the evidence upon which such revocation is based be reasonably conclusive as to the guilt of the licensee in his alleged transgression, but also the charge must be proven as set forth in the notice of revocation.

Our Supreme Court has time and again reiterated this principle of law, and as lately as 1948 in Cooper v. City of Miami, 36 So. 2d 195, said at page 196:

> It is so well settled as to need no citation of authority that every person accused of crime is entitled to be informed of the nature of the accusation against him. This right requires that the charge be stated with such clearness and necessary certainty as to apprise the accused of the charge he will be called on to meet at the trial, so that he will not be misled in the preparation of his defense and so that he will be protected after conviction or acquittal from substantial danger of a new prosecution for the same offense. It is equally well settled that an accused is entitled to have the charge lodged against him proved substantially as laid, and that he cannot be prosecuted for one offense and convicted and sentenced for another, even though the offenses are of the same general nature or character, or carry with them the same penalty. See Penny v. State, 140 Fla. 155, 191 So. 190. There are well-established principles for the protection of the innocent that govern the framing of criminal accusations and the introduction of proof to sustain them. If the courts ignore these principles in a case where it may appear that the accused is guilty of some crime, even though the crime proven is not the crime charged in the accusation, or a crime included within the crime charged, the protection that the law intends to afford the innocent will most certainly be destroyed and personal rights guaranteed by the Constitution will amount to nothing.

In brief, this court finds that there is no evidence of any illegal gambling on the premises of the licensees as charged by the respondent director, that the premises raided were entirely different from those of the licensee, and that even such evidence as was obtained in the separate premises was insufficient in quantum either to prove gambling violations or knowledge thereof on the part of the licensee. For the reasons hereinabove given, it follows that a writ of certiorari should be awarded quashing the order of the director brought here for review.