## CHAUFFEUR'S CLUB, Inc. v. STATE BEVERAGE DIRECTOR.

Circuit Court, Dade County.

May 6, 1953.

Durant & Durant, Miami, for petitioner.

Richard W. Ervin, Attorney General, Tallahassee, and John C. Reed, Special Assistant Attorney General, Miami, for respondents.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me on the application of Chauffeur's Club, Inc., petitioner herein, for an injunction restraining the enforcement of an order revoking its liquor license no. 2353-11-C, entered on April 8, 1953, by the respondent Sam F. Davis, as director of the state beverage department. Notice of hearing was given and respondents filed their motion to dismiss, which was argued at the same time.

In section 561.29 (4), Florida Statutes 1951,[1] it is provided that a beverage licensee may make application to the circuit court of the county wherein he is licensed to do business for relief from an order of revocation or suspension, the section further providing that application for relief—"may be made by certiorari or such other remedy as may be appropriate and proper."

Chapter 59, Florida Statutes 1951, provides for the method of review which is appropriate and proper in cases such as the instant case. Section 59.01 (2) provides that the Act shall be applicable— "as a uniform alternative method of taking appeals from orders of state boards, commissions, and other bodies, where appeals from such orders are permitted by law." A close reading of section 59.01, particularly sub-section (10) (a) and sub-section (5) thereof establishes that all proceedings for review of orders of state boards, commissions and other bodies, such as orders of the beverage director as involved herein, shall be by appeal, except where certiorari lies or where otherwise expressly provided by law. See Orban v. State Beverage Director, 2 Fla. Supp. 33.

The petitioner does not seek a review of the order of revocation entered by the respondent Sam A. Davis on April 8, 1953, by certiorari or by the alternative method of review expressly provided by chapter 59, rather he seeks a review of the order by his

---

[1] In order to permit a licensee whose license shall be revoked or suspended an opportunity to apply to the courts for relief no revocation or suspension of license by the director shall become effective until fifteen days after the date of such revocation or suspension, but shall then become effective unless prevented by judicial act. Application to the court for relief from any order of revocation or suspension may be made by certiorari or such other remedy as may be appropriate and proper, provided, however, that such application must be made to the circuit court of the county wherein such licensee is licensed to do business under the beverage law and not later than thirty days from the effective date of said revocation or suspension, and any such application not instituted and filed within said thirty days shall forever thereafter be barred.

bill for injunction. This he cannot do. A suit in equity cannot be filed for the purpose of procuring a review of the proceedings of a board, commission or commissioner. Common law certiorari or the alternative method of review provided by chapter 59 are the appropriate methods for judicial review of such proceedings. Since the repeal of section 561.30 in 1947 there has been no other method expressly provided by law. State Beverage Department v. Willis (Fla.), 32 So. 2d 580, is therefore no longer authority for the proposition that a suit in equity may be used for judicial review of revocation or suspension orders of beverage licenses.

Petitioner has an adequate remedy at law in the uniform alternative method of appeal provided in section 59.01 or by certiorari, therefore the bill of complaint shows no necessity for the relief prayed and petitioner's bill being without equity, it is ordered, adjudged and decreed that the application for injunction is denied and the bill dismissed.