STURGIS, Judge.
This is a proceeding in certiorari to review an order of the Florida Milk Commission revoking petitioner’s license to operate as a milk distributor.
The petitioner was charged by the Commission with sundry violations of Chapter 501.09, Florida Statutes 1961, F.S.A., relating to the regulation of the milk industry of the state and creating the Florida Milk Commission as an agency of the state for the purpose of attaining the purposes of F.S. Chapter 501, F.S.A. Petitioner was-duly served with a rule to show cause why its license should not be revoked, a hearing was held before the Commission at which testimony was produced by both parties,, and several months thereafter the Commission, without making findings of fact, entered the order in question, which is expressed by the adoption of a simple motion revoking the license.
Petitioner-licensee contends, inter alia,, that the failure of the Milk Commission to *505 make findings of fact as a predicate for the order revoking the license constitutes a material departure from the essential requirements of the law, and we agree. ■Other grounds upon which certiorari is sought have been carefully examined and found to be without merit.
Construing Section 120.25(8), Florida Statutes 1961, F.S.A., in pari materia with other provisions of F.S. Chapter 120, F.S. A., it is clear that the Milk Commission, as an agency of the state, being vested with jurisdiction to adjudicate the legal rights, duties, privileges or immunities of parties falling within the purview of said chapter, in entering any order in an adversary proceeding carrying out its powers must include therein findings of fact upon which it is based.
In this case it appears that the Milk Commission passed a simple motion, without making any findings of fact to support it, revoking petitioner’s license.
In Central Truck Lines, Inc. v. King, Fla. 1962, 146 So.2d 370, the Florida Supreme 'Court was confronted with an order of the Florida Railroad and Public Utilities Commission requiring Central Truck Lines, Inc., to perform certain acts as therein provided; but the order was devoid of any findings of fact. Mr. Justice Hobson, speaking for the court, pointed out that the Commission neglected to follow the mandate of F.S. Section 120.25(8), F.S.A., and said:
“We do not deem it necessary to restate the underlying, as well as cogent reasons, for the requirement that boards, bureaus and commissions should make separate findings of fact upon which an ultimate conclusion is predicated.”
The court also quoted with approval the following excerpt from the opinion of the United States Supreme Court in State of Florida et al. v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291:
“The question is not merely one of the absence of elaboration or of a suitably complete statement of the grounds of the Commission’s determination, to the importance of which this court has recently adverted (Beaumont, Sour Lake & Western Railway Co. v. United States, decided November 24, 1930, 282 U.S. 74, 51 S.Ct. 1, 75 L.Ed. 221), but of the lack of the basic or essential findings required to support the Commission’s order. In the absence of such findings, we are not called upon to examine the evidence in order to resolve opposing contentions as to what it shows or to spell out and state such conclusions of fact as it may permit. The Commission is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.”
In Six Mile Creek Kennel Club v. State Racing Commission, 1935, 119 Fla. 142, 161 So. 58, the Florida Supreme Court reviewed an order of the State Racing Commission evidenced by the following excerpt from the official minutes of the Commission:
“Motion by Mr. Dosh seconded by Mr. Sweger that the permit of the Six Mile Creek Kennel Club, Inc., for good and sufficient reasons be revoked and that the Attorney General be requested to handle same in a legal manner and that he be requested to proceed to collect the amount due the State of Florida by said association. Motion carried.”
In quashing said order the court said:
“The resolution or motion by which the permit was revoked on January 20th contains no jurisdictional finding or determination of fact which would constitute a legal basis for such revocation. It is so vague, indefinite, and uncertain as to be of no legal force and effect.”
In Laney v. Holbrook, (1942), 150 Fla. 622, 8 So.2d 465, 146 A.L.R. 202, charges *506 were preferred against a school principal for the purpose of securing his ouster. Pursuant to a hearing the Board of Public Instruction rendered a general verdict of guilty without making findings of fact. Certiorari to the Circuit Court was denied and on appeal the Florida Supreme Court reversed, saying:
“In the state of the record in which it appeared in the Circuit Court the judgment, if it could be called a judgment, or order of the County Board of Public Instruction should have been quashed and the cause remanded to the Board with instructions to make findings of fact with sufficient definiteness to advise the accused as to what facts the Board found sufficiently proven to substantiate charges which would warrant the forfeiture of his position as Principal of the Public Schools of the City of Apopka in Orange County, Florida.”
In McRae v. Robbins (1942), 151 Fla. 109, 9 So.2d 284, the Florida Supreme Court held that an order of the Barbers’ Sanitary Commission fixing a scale of prices to be charged for barber services and fixing the hours for opening and closing barber shops was invalid because it was not supported by findings of the Commission based on evidence duly adduced before it and considered sufficient to justify the order.
Appellate courts are not fact-finding bodies. The necessity for basic findings to be made by boards, bureaus and commissions exercising powers as contemplated by Chapter 120, Florida Statutes 1961, F.S.A., known as the “Administrative Procedure Act”,[1] does not contemplate that agencies having the attributes of a “fact finder” are required to outline step by step the eviden-tiary facts leading to the ultimate conclusion, but means that findings of fact on essential issues must be such as to justify the entry of the final order. Such findings are required to go no further than to point the pathway down which the appellate court may travel in reviewing the essential facts on the question of whether such facts justify the conclusion reached by the order.
Certiorari is granted, the order of the Milk Commission revoking petitioner’s license is quashed, and this cause is remanded with directions that the Commission reconsider this matter, without necessity for taking further testimony, and enter an order meeting the requirements of the statute.
It is so ordered.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.

. Chapter 120, Florida Statutes 1961, F.S.A., captioned “Administrative Procedure Act”, is adapted from chapter 61-280, Laws of Florida, Acts of 1961, and replaces former Chapter 120, Florida Statutes 1959, F.S.A., which was captioned “General Provisions Relating to Boards, Commissions, Etc.”