DREW, Justice.
The appelleee, Grand Union Company, filed annual sales tax returns under F.S. Chapter 212, F.S.A. covering sales of tangible personal property in Florida beginning in 1959. Following study of company records by auditors of the appellant Revenue Commission a deficiency assessment in the following form was served upon Grand Union in April 1964:
“(SEAL)
STATE OF FLORIDA FLORIDA REVENUE COMMISSION TALLAHASSEE
APRIL 23rd, 1964
The Grand Union Company
100 Broadway
East Paterson, New Jersey
Gentlemen:
RE: Florida Sales and Use Tax
NOTICE OF ASSESSMENT
78-28-0833 9-01
According to an examination of your books and records by our auditors, an additional liability for Florida Sales and Use Tax has been established against your company as follows:
Tax Liability .$115,475.37
Penalty.1.$ 28,868.84
Interest.$ 10,392.79
TOTAL LIABILITY ... .$154,737.00
*887 Audit covers period June 1st, 1958 thru May 31st, 1963.
Enclosed are complete copies of our work papers for your inspection. It is requested that you review this information at your earliest convenience and verify these figures. In the event that there are no exceptions, we would appreciate your forwarding your check in the above amount to this office.
If you have any objections to this examination and assessment, you have thirty (30) •days from the date of this notice, or such additional time as may he authorized by the Florida Revenue Commission, to request a hearing. Section 212.15(4), Florida .Statutes, requires that you file all objections or exceptions with this office in •duplicate at least ten (10) days before the •date set for such hearing.
We take this opportunity to express our appreciation to you and the members of your organization for the co-operation shown our auditors during the examination. Yours very truly,
/s/ F. S. Waters
F. S. Waters, Director
Use Tax Division”
On July 10, 1964, Grand Union instituted suit in the Circuit Court to enjoin enforcement of the assessment, alleging invalidity on constitutional grounds including failure of compliance with due process requirements and improper delegation of assessment duties by the Commission.[1] In due course a decree was entered for the plaintiff taxpayer upon motion for judgment on the pleadings. The court found:
‘T. There has not been made by the State Revenue Commission of Florida any assessment of any taxes alleged to be due by the plaintiff for these reasons:
“a. The purported assessment does not specify the finding of any of the jurisdictional prerequisites to the making of an assessment of taxes under Chapter 212, Florida Statutes.
“b. The purported assessment is not made in the name of or by the State Revenue Commission or by anyone authorized by law to make assessments of sales taxes due.
“2. This Decree does not preclude the making in the future of a valid assessment based upon transactions, the taxing of which has not been barred by the statute of limitations.”
An appeal to the district court was, upon motion, transferred here because the decree finding the assessment invalid upon the record before the court was one construing controlling provisions of the Constitution.[2]
The assessment, in our opinion, must be held defective for the reason first specified in the decree of the trial court. By a preliminary order in the cause the trial court noted the statutory limitations on the Commission’s authority to make assessments of taxes, or additional taxes,[3] *888 and, citing decisions in analogous situations,[4] stated that "as a necessary preliminary to the making of an assessment by the Revenue Commission, there must be a finding, expressed in the order, of facts sufficient to establish jurisdiction to make the assessment.[5] Examination of the cases indicates that this requirement rests on many considerations other than convenience to a reviewing tribunal.[6] A notice of assessment wholly lacking such findings simply provides no reasonable basis for initial evaluation or defense by the party affected, and the omission is not remedied by attaching the evidentiary materials compiled by the appellant Commission.
We agree, also, with the conclusion of the trial court that in view of the holding that no valid assessment had been made, other matters argued were immaterial. One of appellant’s primary contentions was that prior to any court proceeding Grand Union should have been required to exhaust its administrative remedies under the provision of Chapter 212[7] permitting a petition for rehearing with the Commission, coupled with that in Chapter 120 [8] providing that any party whose rights are subject to administrative adjudication shall have a right of public hearing. While the exclusion of this defense upon the record before us might *889 properly be based upon untimeliness in its assertion, we think the nature of the issues raised makes the doctrine inapplicable. The questions presented in this proceeding, confined solely to the sufficiency of notice of assessment, do not involve special administrative knowledge or experience as would be the case, for instance, if the dispute concerned the amount of the deficiency assessment. The general rule also appears to be that exhaustion of administrative remedies does not require a petition for rehearing.[9] Neither of the cited statutes contains language overriding these principles.
The alternative ground upon which the decree rests is that the assessment is not made “in the name of or by the State Revenue Commission or by anyone authorized by law to make assessments.” This, however, we do not believe to be an accurate application of the controlling law. In a preliminary discussion of the point the court finds ample authority in the statute for the Commission to act through a subordinate employee in ascertaining the amount of tax due from any taxpayer by making investigations of fact, computation of tax, and preparation and signing of the assessment notice for the Commission.
The Constitution, Sec. 27, Art. Ill, certainly contemplates that a basic governmental function such as tax assessment shall be exercised only under the supervision and control of designated state officers, the Commission. We find, however, no fatal defect in the form here employed and nothing to overcome the Commission’s position and the necessary presumption that the assessment was made under its authority, approval and control.[10] The contention that a deficiency estimate involves such quasi-judicial discretion as to be non-delegable does not appear to us to be tenable.
On this point, therefore, the ruling of the court will stand corrected. The decree for the appellee company should in all other respects be affirmed.
It is so ordered.
THORNAL, C. J., and O’CONNELL and CALDWELL, JJ., concur.
THOMAS, J., dissents.

. Art. III, Sec. 27, Fla.Const. F.S.A.:
“Section 27. Election, duties and compensation of state and county officers. — The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation.”

. Art. Y, Sec. 4, Fla.Const.Board of County Comm’rs v. Boswell, Fla.1964, 167 So.2d 866.

. “The Revenue Commission has authority to make assessments of taxes, or additional taxes, in any one of three situations stated in Section 212.12(6):
“(1) When a dealer fails to make a return.
“(2) When a dealer makes a ‘grossly incorrect’ return.
“(3) When a dealer makes a return that is ‘false or fraudulent’.”
See F.C. Sec. 212.12(6), F.S.A.1959, the provision governing this litigation.

. State ex rel. Hardie v. Coleman (1939), 115 Fla. 119, 155 So. 129, 92 A.L.R. 988; Six Mile Creek Kennel Club v. State Racing Commission (1935), 119 Fla. 142, 161 So. 58; Polar Ice Cream & Creamery Company v. Andrews (Fla.App.1963), 150 So.2d 504.

. “ * ♦ * the findings of jurisdictional facts required to be recited in an order assessing taxes pursuant to either subsection 212.12(6) or Section 212.14 must be sufficiently specific, but need not be more detailed than is reasonably necessary, to apprise the taxpayer in a general way of the factual basis upon which the assessment is made. The Commission may not conceal from the taxpayer the real basis of the assessment, but it is not required to do the impossible. Two examples will illustrate this principle:
“A. If a taxpayer failed to make a return for a given month the assessment must at least specify the month and state in general terms the nature of taxable transactions which should have been reported.
“B. If the Commission has information sufficient to disclose that over a period of several months the taxable transactions of a business were substantially in excess of those reported, but the evidence does not disclose in which of the months the unreported transactions took place, the finding could properly be made of grossly erroneous reports covering the longer period without stating the calendar month in which the error occurred.”

. “ * * * There is a difference between quasi-jurisdictional findings, which are required by due process, and the complete statement of the grounds for the action taken, the absence of the latter not being fatal, although always desirable to aid the court on review. An order lacking supporting findings is sometimes said to be ‘void’; however, ‘voidable’ is probably a more accurate term.” Volume 1, Florida Law and Practice, Administrative Law, § 15, citing Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291 (1931).

. F.S. Sec. 212.15(4), F.S.A.:
“(4) If any taxpayer or person required by part I of this chapter to remit taxes to the commission shall feel aggrieved by any action of the commission, he shall have the right within thirty days to appeal to the commission for rehearing and re-examination and in support thereof may submit such data as may be relevant. All exceptions and objections to the actions of the commission must be filed with the commission in duplicate at least ten days prior to the date set for such rehearing and re-examination. If the commission’s decision is determined adversely to the taxpayer or person required by part I of this chapter to remit to the commission, such person shall have the right within thirty days from notice of such determination to have tlie commission’s determination reviewed in appropriate proceedings in the circuit court of Leon county, and in such review there shall be no presumption in favor of the commission’s findings.”

. F.S. Sec. 120.22, F.S.A.:
“120.22 Hearing guaranteed. — Any party’s legal rights, duties, privileges or immunities shall be determined only *889 upon public hearing by an agency unless the right to public hearing is •waived by the affected party, or unless otherwise provided by law.”

. Ace Delivery Service v. Boyd, Fla.1958, 100 So.2d 417, citing Davis on Administrative Law, Sec. 192, p. 636.

. Cf. Hoyt v. State, Fla.1959, 119 So.2d 691, bolding a jury list compilation to be the act of officials ordering or directing the employees who carry out the selection procedure.