HENDRY, Judge.
By their petition for a writ of certiorari, petitioners seek to quash an order entered by the respondent State Board of Funeral Directors and Embalmers.
The order followed a hearing conducted by the board based on a three-count complaint charging the petitioners with misleading or inaccurate advertising and with soliciting business for Lake Shore Mortuary, Ltd., in violation of pertinent provisions of Florida Statutes, Chapter 470.
Count III of the complaint was dismissed by the board, but the petitioners were found guilty of the acts alleged in counts I and II.
The petitioners submit three points for review as grounds for reversing the respondent’s order. First, petitioners argue that the order fails to set out any findings of fact, and therefore is deficient. We disagree.
Our review of the order reveals that there are sufficient factual findings to point the pathway for appellate review. See, Polar Ice Cream & Creamery Company v. Andrews, Fla.App.1963, 150 So.2d 504; compare, Ford v. Bay County School Board, Fla.App.1970, 246 So.2d 119.
Next, petitioners argue that the board did not offer substantial competent evidence to support a finding of guilt against them. We think the record accompanying the petition for the writ of certiorari in this case itself satisfactorily refutes this contention. The evidence presented amply supports the board’s findings.
*23 Lastly, the petitioners argue that a portion of the penalty imposed by the board, relating to suspension of petitioner Johnson’s personal license and to the establishment operating license of Lakeshore Mortuary, Ltd., is vague, arbitrary and capricious.
In assessing this contention, we have read the relevant portion of the order together with the record discussion by the members of the board at the hearing. We have determined that the petitioners’ third point is well taken.
It is clear that having found the petitioners guilty of counts I and II, the board suspended the petitioners’ license on count II for thirty (30) days. No error is alleged with respect to that penalty.
However, on count I the board imposed a 90-day suspension, but set aside this suspension on a day-to-day basis “with this Board retaining specific jurisdiction in order to supervise such suspension.”
From the record, the board members decided that should any further violations occur during this 90-day period the word “automatic revocation” should be substituted for the word “suspension.”
The order is vague on this question, and we think such a procedure is dubious. An automatic revocation upon any subsequent violation would seem to violate the Florida Administrative Procedure Act, Chapter 120, Part II, which insures to one who may be denied a license basic due process protection. See, Fla.Stat. § 120.26, F.S.A.
Therefore, we have granted the writ of certiorari on this question, and that portion of the order quoted above authorizing the respondent to retain jurisdiction to supervise the suspension (apparently in order to impose an automatic revocation for any subsequent violation during the 90-day suspension period) is quashed, and the board is hereby directed to strike that portion from the order.
It is so ordered.